## HENRY CARTER *vs.* SIMON CLOHECY & others.

The requirement of the Gen. Sts. *c.* 124, § 12, that the notice to a plaintiff of the time and place appointed for the examination of the defendant on his application to take the oath for the relief of poor debtors shall designate the official capacity of the magistrate who issues it, is not satisfied by the mere addition of the word " magistrate" to his signature.

CONTRACT on a recognizance under the Gen. Sts. *c.* 124, § 10. The case was submitted to the judgment of the superior court, and, upon appeal, of this court, on agreed facts, upon which the only issue argued was as to the validity of the admission of Clohecy, the judgment debtor, to take the oath for the relief of poor debtors, by a trial justice whose only notice to the creditor of the time and place appointed for the debtor's examination was in these words:

" Essex, ss.    Haverhill, November 19, 1867.    To Henry Carter.    Simon Clohecy, arrested on execution in your favor, desires to take the oath for the relief of poor debtors at my office in Haverhill within our county of Essex, on Wednesday, the twentieth day of November current, at two o'clock in the afternoon.                    Thorndike D. Hodges, Magistrate."

*H. Carter, pro se.*

*T. D. Hodges,* for the defendants.

COLT, J.    The only point argued relates to the sufficiency of the notice of the time fixed for taking the examination of the debtor.    And this is settled by the express provision of the Gen. Sts. *c.* 124, § 12, which requires that the magistrate shall issue

a notice signed by him and designating his official capacity Following the form given in the statute and annexing simply the word " magistrate " is manifestly no compliance with its provisions in this respect. The form given is intended to be changed so as to meet the express requirements of the statute, and much of it, including the word " magistrate " at the end of the signature, is accordingly printed in brackets.

*Judgment for the plaintiff.*