## MARY MALONEY vs. EDWARD H. PIPER.

The superior court has jurisdiction of a bastardy process, although the proceedings preliminary to the entry of the case therein purport to have been had before a trial justice, and the copy of them is attested by him with that addition to his signature; if no other than a justice of the peace could be a trial justice.

At the trial of a bastardy process, the complainant on her cross-examination as a witness denied that she rode or walked with certain men about the time when the child was begotten. *Held,* that the defendant had no ground of exception to the exclusion of evidence thereupon offered by him to prove that she did ride and walk with them about that time, without proof of any other facts tending to show criminal intercourse.

BASTARDY PROCESS under the Gen. Sts. *c.* 72. A warrant was issued, and the defendant gave bond to appear and answer at the next term of the superior court.

At that term, it appeared by the copy of the preliminary proceedings certified to the court, that they were all had before Charles H. Merriam, a "trial justice," and his signature to the certificate bore that addition to his name; and on the trial *Devens*, J., admitted the copy so certified as competent evidence of those proceedings.

The complainant was a witness in her own behalf, and on cross-examination denied that she rode or walked with certain young men at or about the time when the child was begotten. The defendant thereupon "offered to introduce evidence that the complainant did, at the time referred to, walk and ride with said young men, but did not offer to prove any other facts tending to show criminal intercourse;" and, upon the complainant's objection to the evidence thus offered, the judge excluded it.

The jury found the defendant guilty, and he alleged exceptions.

*G. A. Torrey*, for the defendant.

*A. Norcross*, for the complainant.

GRAY, J. The only objection to the admission in evidence, in the superior court, of the copy of the proceedings before the magistrate, which was relied on in argument, was that the case purported to have been heard and the copy attested by Charles H. Merriam, a trial justice, when the law required such proceedings to be had before, and attested by, a justice of the peace.

By the existing statutes of the Commonwealth, all justices of the peace have civil jurisdiction, and a certain number of them are designated and commissioned to try criminal cases, and are styled trial justices. Gen. Sts. *c.* 120, §§ 1 *& seq.* ; §§ 33 *& seq.* The early laws of England made a similar distinction ; differing, however, in conferring the criminal jurisdiction by an additional clause in the same commission which granted civil powers. 2 Hale P. C. 43.

A bastardy process, under our statutes, is a civil action, and may be prosecuted before any justice of the peace, without regard to the question whether he is clothed with criminal jurisdiction. Gen. Sts. *c.* 72, § 13. *Hawes* v. *Gustin*, 2 Allen, 402. It may be observed, though perhaps not necessary to the decision of this case, that, being a civil action, it is not governed by the peculiarly strict rules of criminal proceedings. *Bailey* v. *Chesley*, 10 Cush. 284. *Commonwealth* v. *Hutton*, 5 Gray, 90.

The statutes require that upon the trial in the superior court, on appeal, of every case, civil or criminal, a copy, duly certified, shall be filed of the proceedings before the magistrate who tried the case in the first instance. Gen. Sts. *c.* 120, § 27 ; *c.* 173, § 3. A conviction of a crime before " a justice of the peace," without showing that he was authorized to try criminal cases, would doubtless be insufficient, because all justices of the peace are not authorized to try criminal cases. 2 Hale P. C. 43, 44. So, under the statutes authorizing notices of the time and place of examination of poor debtors to be issued by magistrates of a particular description only and designating the official capacity of the signer, a notice signed by one describing himself merely as " magistrate," without further designation of his official capacity, is insufficient. *Carter* v. *Clohecy*, 100 Mass. 299.

But in *Hill* v. *Wells*, 6 Pick. 104, proceedings in bastardy, purporting to have been held before " the justices of the justices' court for the county of Suffolk and of the police court for the city of Boston," were held to be valid, although only one of those courts had jurisdiction of such cases ; because it appeared by the statute that the same persons were justices of both courts, and they must be presumed to have acted in that capacity in which

they were authorized to act. While the St. of 1850, *c.* 314, was in force, which provided for the appointment of trial justices, who need not be justices of the peace, it was held that a warrant to bring a person accused of crime "before David Aiken, or some other justice of the peace," authorized him to be brought before Mr. Aiken, who was both a justice of the peace and a trial justice, but not before another trial justice, who was not a justice of the peace. *Stetson* v. *Packer*, 7 Cush. 562. And in *Middlebury College* v. *Cheney*, 1 Verm. 336, the Constitution of Vermont having declared that "the judges of the supreme court shall be justices of the peace throughout the state," an acknowledgment of a deed, certified by one of them as "judge of the supreme court," was held good; the court saying: "Possibly the better course for them would be to sign in that capacity in which they act. But when such a judge does an act which should be done as justice of the peace, and he signs as judge of the supreme court, that *ex vi termini* carries with it justice of the peace also."

In this case, the description of Mr. Merriam as "trial justice," in the copy of the record and in the attestation thereof, necessarily shows that he was a justice of the peace authorized to hear the case and to attest the copy of the proceedings before him, because by the present statutes no other person than one holding a commission as justice of the peace can be designated and commissioned as trial justice. It might have been more regular for the justice to have described himself in the record and attestation as 'justice of the peace" merely. But as the style by which he is described, read in the light of the statutes under which he acted, necessarily shows that he was authorized to receive the complaint and to certify the record, we are of opinion that the papers were rightly admitted in evidence.

The evidence offered by the defendant was rightly excluded. *Eddy* v. *Gray*, 4 Allen, 435. *Clement* v. *Kimball*, 98 Mass. 535.

*Exceptions overruled.*