ABNER P. NASH & another *vs.* JOHN A. COFFEY & another.

The requirement of the Gen. Sts. *c.* 124, § 12, that the notice to a plaintiff of the time and place appointed for the examination of the defendant on his application to take the oath for the relief of poor debtors shall designate the official capacity of the magistrate, is not satisfied by the mere addition of "justice of the peace" to his signature; although he is in fact a trial justice.

CONTRACT on a recognizance under the Gen. Sts. *c.* 124, § 10; submitted to the judgment of the court on facts agreed, upon which the issue was raised, whether Coffey, the judgment debtor, was lawfully admitted to take the oath for the relief of poor debtors, by a trial justice, the only designation of whose official capacity, in his notice to the creditor of the time and place appointed for the debtor's examination, was by the addition of "justice of the peace" to his signature.

*E. C. Bumpus*, for the plaintiffs.

*G. M. Hobbs*, for the defendants.

GRAY, J. The statute requires the notice of the time and place appointed for the examination of the debtor to be signed by the magistrate, "designating his official capacity." The designation of "justice of the peace" attached to the signature of the magistrate in this case does not show that he had any capacity to issue the notice, for a justice of the peace has no jurisdiction or authority in the premises, unless he has also been designated and commissioned as a trial justice. The notice was therefore insufficient. Gen. Sts. *c.* 124, §§ 9, 12. *Carter* v. *Clohecy*, 100 Mass. 299. *Maloney* v. *Piper*, ante 233.

*Judgment for the plaintiffs.*