ALBERT MEAD *vs.* IRA E. BOWKER & trustee.

Middlesex.    March 4, 1897. — April 6, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Action upon a Judgment of a Trial Justice — Statute of Limitations.*

An action upon a judgment rendered by a trial justice is barred by the statute of limitations, Pub. Sts. c. 197, § 1, cl. 1, if brought after six years from the date of the judgment.

CONTRACT, upon a judgment. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*H. G. Sleeper,* for the defendant, submitted the case on a brief.
*F. M. Forbush,* for the plaintiff.

HOLMES, J. This is a suit upon a judgment of a trial justice, brought more than six years after the judgment, and the only question is whether such a judgment is within the exception to the six years' limitation in Pub. Sts. c. 197, § 1, cl. 1, that is to say, whether it is a judgment of a court of record.

It is settled that judgments of justices of the peace are barred in six years. *Smith* v. *Morrison,* 22 Pick. 430. *Mowry* v. *Cheesman,* 6 Gray, 515. The earlier of these decisions, it is true, invoked the aid of St. 1839, c. 73, in interpreting the statute of limitations, the words of which were substantially the same then as now. Rev. Sts. c. 120, § 1, cl. 1. But the act of 1839 only purported to give two years from the date of its passage for suing upon judgments rendered by justices of the peace before the Revised Statutes went into operation, and therefore bore upon the Revised Statutes only by way of interpretation, so far as a later statute could be used for that purpose. The second decision cited applied the same rule to a judgment of a Rhode Island justice. Both of the cases necessarily were decided on the interpretation of the statute of limitations, and established that the words " court of record," as there used, did not include justices of the peace, however true it might be that for some other

purposes they were courts of record. *Ex parte Gladhill*, 8 Met. 168, 170. *Thayer* v. *Commonwealth*, 12 Met. 9, 11.

The Revised Statutes required justices of the peace to keep a record of all their judicial proceedings, as the Public Statutes now require trial justices to do. Rev. Sts. c. 85, § 35. Gen. Sts. c. 120, § 51. Pub. Sts. c. 155, § 69. They gave them a limited exclusive original jurisdiction and power to punish for contempt. Rev. Sts. c. 85, §§ 1, 33. In short the civil jurisdiction, powers, and characteristics of justices of the peace were substantially the same which now belong to trial justices. Rev. Sts. c. 85, § 1 *et seq.* Gen. Sts. c. 120, § 1 *et seq.* Pub. Sts. c. 155, § 12 *et seq.* For trial justices are simply justices of the peace designated and commissioned to try cases. Pub. Sts. c. 155, § 7. *Maloney* v. *Piper*, 105 Mass. 233, 234. It is true that the jurisdiction and powers, first of justices of the peace, and later of trial justices, became somewhat larger than were the jurisdiction and powers of the former in the time of the Revised Statutes, but the essential characteristics have not changed. We must assume the decisions which we have cited still to be the law. No doubt the earlier one was made a good deal easier to arrive at by the implications of the act of 1839, but, however arrived at, it interprets the statute of limitations, and when the limitation of six years is interpreted to apply to judgments of justices of the peace we see no reason why it should cease to apply to such judgments because only a portion of their number now are allowed to sit as judges. The exception from the six years' limit begins with judgments of police courts. *Bannegan* v. *Murphy*, 13 Met. 251.

*Judgment for the defendant.*