## Amherst *vs.* Hollis.

A prisoner, confined in gaol upon an execution, may be a pauper within the intent of the statute for the relief of the poor ; and, in such case, the selectmen of the town in which the gaol is situated are bound to relieve him, and may recover of the town in which he has his settlement.

A witness is not bound to disclose any matter which will subject him to a criminal prosecution.

A witness having testified that he was destitute of property, and on farther enquiry having admitted that he had a considerable amount of money three or four years previous, then stated that his money had gone to adjust matters which he could not disclose without subjecting himself to a prosecution for a crime—*held,* that it was competent to the witness to claim his privilege at this stage of the examination.

Assumpsit, for the support of William Otis, a pauper, alleged to have his settlement in the town of Hollis, which was admitted.

It appeared that he was committed to the gaol in Amherst on the 2d September, 1835, by virtue of an execution ; where he has ever since remained, in close custody ; and that he has been, during all that time, apparently without any property, and has, to all appearance, stood in need of relief as a pauper.

The selectmen of Amherst furnished him with supplies between the 23d of May and the 20th August, 1836, to the amount of $28, of which due notice was given to the town of Hollis.

It further appeared, that in 1828 Otis had in money $2000, and that in 1831, 1832, and 1833, divers sums of money were in his hands, which were paid to him by his debtors, and among other sums so received, he received one sum of $1500. He had, also, in those years horses, wagons and harnesses.

Otis, being called as a witness, testified that during all the time of his confinement in prison he had been wholly destitute of property. He admitted that in the years 1831, 1832, and 1833, he had in money more than $1600. But he testified that his money had gone to adjust matters which he could not disclose without subjecting himself to a prosecution for a crime.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of the superior court upon the above case.

*C. H. Atherton*, for the plaintiff.

*B. M. Farley*, for the defendant.

GREEN, J.  The statute, relative to the support and maintenance of the poor, provides, that " when any person in any ' town in this state shall be poor and unable to maintain him ' or herself, such person shall be relieved and maintained by ' the overseers of the poor of the town where such person ' shall happen to be."  There is no exception because the inability may have arisen from the improvidence of the party, or from any other cause ; and imprisonment for debt certainly does not furnish a reason why a person should not be relieved, if poor and unable to maintain himself.  It is true that, in such case, so long as the imprisonment lasts, the pauper cannot be removed ; and the town where he has his settlement may thus be compelled to provide for his support under more unfavorable circumstances than they might do if they could make provision for his support within their own limits.  But this will not warrant us in making an exception to the broad language of the statute, if the person thus imprisoned can be regarded as a pauper.

There seems to be no reason why such person may not be regarded as a pauper, unless the prison keeper is bound to furnish him supplies.  But we find no provision in the statutes requiring the prison keeper to furnish support to persons imprisoned for debt.  It is expressly made the duty of prison keepers to provide each prisoner committed for any crime, diet, sustenance, necessary clothing, bedding, fuel and medical attendance, for which compensation is to be paid out of the county treasury.  *N. H. Laws* 517.  And there is a penalty provided in the next section, if the prison keeper " shall defraud the prisoners of their allowance, or shall not afford them sustenance and accommodation equal to what such prison keeper is paid therefor ;" but this must be construed as applying only to persons committed on a criminal charge.

The prison keeper may furnish prisoners committed for debt with support ; and if he do so while the prisoner is in close confinement, the statute fixes the rate of compensation, and it has generally been considered that this forms a part of the prison charges for which he may detain the prisoner until he is paid. Whether he would stand justified in refusing sustenance to a prisoner so situated, where no other provision had been made for his support, it is not necessary now to determine. We are of opinion that a prisoner upon execution may be a pauper, and, if so, that the selectmen are bound to provide for his relief. And it seems to have been so considered in Massachusetts. 12 *Mass. Rep.* 262.

The remaining question is, whether the evidence of Otis was properly received. If it was, it seems not to be denied that it sufficiently shows him to have been poor, and unable to support himself. There is no doubt made that the witness was not bound to disclose any matter which would subject himself to a criminal prosecution. 1 *Phil. Ev.* 205, [222.] There are instances, perhaps, in which a witness cannot be heard to relate a part of a transaction, and refuse to disclose the rest, on the ground that he is thus privileged. But this does not seem to be a case of that character. The witness was called to prove the fact of his poverty, and to this he speaks fully. He is then enquired of whether he had not property to a considerable amount, in some previous years, and admits that he had. Then comes the enquiry, how he had disposed of the property ; and this, although not entirely independent of the facts he had testified to, is so far distinct, that we think he was authorized to stop there, and claim his privilege, notwithstanding he had given some testimony on the subject. In fact, that seems to be the proper place in which to make the claim. When asked, in the first place, if he was destitute of property, there is no obvious propriety in his alleging that he could not disclose that without subjecting himself to a prosecution. If he had gone on to speak in part of the disposition that had been

made of his property, it might have presented a different case. 1 *M. & M.* 46 ; 2 *C. & P.* 570, *East* vs. *Chapman*. *Judgment for the plaintiff.*