## ANGELINE LOW vs. BENJAMIN MITCHELL.

The rule that a witness is not obliged to criminate himself, is well established. But this is a privilege which may be waived; and if the witness consents to testify to one matter tending to criminate himself, he must testify in all respects relating to that matter, so far as material to the issue.

If he waives the privilege, he does so fully in relation to that act; but he does not thereby waive his privilege of refusing to reveal other unlawful acts, wholly unconnected with the act of which he has spoken, even though they may be material to the issue.

The complainant in a bastardy process, is not obliged to answer whether she had an illicit connexion with another man about the same time with her connexion with the man charged with being the father of her child.

The complainant in such process, although under the age of twenty-one years, need not act by guardian or *prochein ami*, nor can her guardian control or dismiss the proceedings.

The respondent cannot give in evidence, that he had always sustained a good character in every respect.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

The proceedings in this case, which were under the bastardy act, were in the complainant's own name, and not by guardian or *prochein ami*. The complaint and examination bore date of *July* 18, 1839, and alleged that the child was begotten on or about the 10th of *Nov.* 1838. The child was born *Aug.* 10, 1839. On the examination of the complainant at the trial, after she had stated that the respondent was the father of the child, his counsel inquired of her whether she had had intercourse with any man, other than the respondent, by whom the child might have been begotten about the same tenth of *November*. Her counsel objected to her answering it, contending, that she was not bound so to do. The Judge ruled that she was not bound to answer the question, but might if she would. The question was not answered.

The complainant was under the age of twenty-one, when the complaint was made, but became twenty-one on *Jan.* 14, 1840, before the trial in the District Court. One *Pressey* had been her guardian, and agreed to pay the expense of the prosecution at its commencement, but he declined prosecuting further at his expense, before she became twenty-one, and said at the trial, " that he

Low v. Mitchell.

should stand neutral, and that said complaint was not now prosecuted by his consent, nor against it." The counsel for the respondent contended, that the process could not be further prosecuted. The Judge ruled, that the prosecution of the complaint could not be stopped by *Pressey*, even if he now desired it; and that the facts constituted no bar to the further prosecution of the complaint.

The respondent offered to prove, that from his infancy, up to the time of the trial, he had sustained a perfectly good character in every respect. The Judge rejected the evidence.

The verdict having been against the respondent, he filed exceptions.

*Wells*, for the respondent, contended, that the complainant was bound to answer the question proposed. The only ground of objection is, that she is not bound to criminate herself. Here she had already criminated herself, and had voluntarily waived any objection, if it existed. She is bound to answer, on cross examination, to every circumstance connected with that statement, to show the degree of credit attached to it. The whole truth should be told or nothing said about it. The principles settled in decided cases, analogous to this, support us in requiring an answer to the question. 3 *Stark. Ev.* 1740 ; 5 *Mass. R.* 320 ; 4 *N. H. Rep.* 562.

The complainant, being only a minor, could not prosecute herself, and when her guardian withdrew from prosecuting, the complaint should have been dismissed. *Knapp.* v. *Crosby*, 1 *Mass. R.* 479 ; *Comm'th* v. *Moore*, 3 *Pick.* 194.

The good character of the respondent was calculated to have an influence and he was entitled to give it in evidence. This is more a criminal, than civil process. The commencement is by complaint and warrant, and the consequences of conviction are much more grievous, than on conviction for fornication. 2 *Mass. R.* 317 ; 2 *Stark. Ev,* 356, 368.

*Emmons*, for the complainant, considered the first point settled by the case *Tillson* v. *Bowley*, 8 *Greenl.* 164. The same doctrine is recognized in 3 *Pick.* 194.

If there had been any necessity to have had the complaint made by guardian, the objection should have been taken by plea in

abatement. *Blood* v. *Harrington*, 8 *Pick.* 555. But it should not have been by guardian. 1 *Pick.* 275; 9 *Mass. R.* 106; 7 *Conn. R.* 286. The guardian has no power to stay or control a process of this description. It is no part of his duty to interfere, and the instruction was correct.

The Judge was clearly right in rejecting the evidence as to character. 2 *Stark. Ev.* 366; 2 *Phill. Ev. ( Cowen's Ed.)* 336, *note.*

The opinion of the Court was drawn up by

SHEPLEY J. — The rule, that a witness is not obliged to criminate himself is well established. It is contended however, that if the witness waives that privilege when testifying to one fact in the cause, he cannot claim it while testifying to any other fact material to the issue. If he consents to testify to one matter tending to criminate himself, he must testify fully in all respects relative to that matter so far as material to the issue. If he waives the privilege, he does so fully in relation to that act. But he does not thereby waive his privilege of refusing to reveal other unlawful acts, wholly unconnected with the act, of which he has spoken, even though they may be material to the issue. His consent to speak of one criminal act cannot deprive him of that protection, which the law affords him so far as respects other criminal acts not connected with it. That the prosecutrix was not obliged to answer, whether she had an illicit connexion with another man, was decided in *Tillson* v. *Bowley*, 8 *Greenl.* 163.

The statute respecting the maintenance of children born out of wedlock was designed to relieve the towns from burthen as well as to aid the mother in their support. And there is no reason to believe it to have been the intention of the legislature to limit it to those cases, where the woman was of full age. It is competent for the legislature to authorize minors to prosecute, and to enable them to do all acts necessary for that purpose. If the objection had been good, it was available only in abatement.

The prosecution was not designed to punish the accused for a crime, but to make him, if found guilty, contribute to the support of the child. In *Wilbur* v. *Crane*, 13 *Pick.* 284, it is said to be in substance and effect a civil suit. Evidence of the character of

a party is not admissible generally in civil suits, unless the proceedings put the general character in issue ; and that is not regarded as put in issue by an allegation of one particular unlawful or fraudulent act. *Attorney General* v. *Bowman,* 2 *B. & P.* 532, *note a ; Nash* v. *Gilkeran,* 5 *S. & R.* 352. There was nothing in the proceedings in this case, which authorized its admission.

*Exceptions overruled.*