COMMONWEALTH *vs.* CHARLES A. TRIDER & another.

Suffolk.   Nov. 22, 1886. — Jan. 4, 1887.   HOLMES & GARDNER, JJ., absent.

At the trial of an indictment for adultery, a female witness for the government gave material testimony tending to show the guilt of the defendant. On cross-examination, she was asked if she had not lived in the house of a person named; and she said that she had. The defendant then asked her if said house was not a house of ill-fame; to which she replied, that she did not see what that had to do with the case. The defendant asked for a direct answer to the question. The government objected; and the judge declined to compel the witness to answer the question, stating that she was not bound to criminate herself. *Held,* that the defendant had no ground of exception.

At the trial of an indictment against a man and a woman for adultery, S., the husband of the female defendant, who was a witness for the government, testified, on cross-examination, that he had employed persons to watch his wife. The defendant called as a witness one W., who testified that she had lived in the family of S. for about one year, and had left his employ. The defendants asked her if she had not, during the time she was in the employ of S., been offered money by him if she would watch his wife and tell him what she knew about his wife's actions. This question was excluded. The defendants also offered to show by this witness, that, on other occasions than that of the alleged offence, S. had accused his wife of similar acts of which she was not guilty. The judge excluded this evidence also. *Held,* that the defendants had no ground of exception.

INDICTMENT, against Charles A. Trider and Mary Smith, for adultery. Trial in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows:

The government called as a witness Asahel A. Smith, who testified, in chief, that he was the husband of the female defendant, and this was admitted by the defendants.

On cross-examination, he testified that he had instituted this prosecution, and employed persons to watch his wife; and that, on one occasion, he heard the defendant Trider in his wife's room at an early hour in the morning.

The government also called as a witness Nellie Colgan, who gave material testimony tending to show the guilt of the defendants. On cross-examination, she was asked if she had not lived in the house of a person named. She said that she had. The defendants' counsel then asked her if said house was not a house of ill-fame; to which she replied, that she did not see what that had to do with the case. The defendants' counsel asked for a direct answer to the question. The government objected; and the judge declined to compel the witness to answer the question, stating that she was not bound to criminate herself. The witness had not given that as a reason for not answering.

The defendants called as a witness one Ella Williams, who testified that she had lived in the family of said Asahel A. Smith for about one year, and left his employ in October, 1885, about one year before the prosecution.

The defendants' counsel asked her if she had not, during the time she was in his employ, been offered money by Asahel A. Smith if she would watch the defendant Mary Smith, and tell him what she knew about his wife's actions. The government objected, and the judge excluded the question.

She was also asked by the defence if Asahel A. Smith had not, during the time she lived in his family, accused his wife of being locked up in a bedroom with the defendant Trider, when such was not the case. The government objected, and the judge excluded the question.

The defendants offered to show by this witness, that Asahel A. Smith had habitually accused his wife of receiving strange men in her bedroom during the time the witness Williams lived in his family, when, in fact, such was not the case; but the judge ruled that the evidence was not admissible.

The jury returned a verdict of guilty against both defendants; and they alleged exceptions.

*W. W. Doherty*, for the defendants.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. The ˙question put to the witness Colgan, which she declined to answer, was one the answer to which might tend to criminate her; and she had not, by answering the question whether she had lived in the house, waived her right to decline to answer questions as to. the character of the house. She was excused from answering solely for the reason that she objected to answer a question the answer to which might tend to criminate her. It sufficiently appeared that she declined to answer for that reason.

The evidence of the witness Williams had no tendency to contradict the witness Smith, who testified that he had employed persons to watch his wife; and evidence that, on other occasions than that of the alleged offence, he had accused his wife of similar acts of which she was not guilty, was clearly irrelevant, and involved immaterial issues.       *Exceptions overruled.*