# STATE v. ARTHUR WHITE.[1]

January 13, 1928.

No. 26,524.

**When issue of fact in criminal case is to be settled by credibility of admitted criminals, this court will not interfere.**

1. Where in a criminal case the fact issue resolves itself into one of credibility between conceded criminals and the verdict has been confirmed by the denial of a new trial, it is useless, in the absence of other circumstances, to ask this court to interfere.

**When prosecuting witness claims his privilege against self-incrimination and defendant cannot claim prejudice.**

2. While a witness for the state may not testify to part of a transaction and then successfully claim his privilege against self-incrimination to avoid giving the whole of it, yet if he has done so a defendant cannot claim prejudice where the whole transaction was ultimately gone into by several witnesses for the defense and the state's witness did not take the stand again in denial or at all.

Criminal Law, 17 C. J. p. 271 n. 41; p. 310 n. 3.
Witnesses, 40 Cyc. p. 2553 n. 32.

Defendant appealed from an order of the district court for Jackson county, Haycraft, J. denying his motion for a new trial. Affirmed.

*E. H. Nicholas,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Benjamin E. Grottum,* County Attorney, for the state.

STONE, J.

Convicted of assault in the second degree, defendant appeals from an order denying his motion for a new trial. He was indicted jointly with Earl Runkle, Frank Fischer and William Schoening. White was tried separately, and Runkle and Fischer testified for him. Schoening was not called as a witness.

[1] Reported in 217 N. W. 343.

The prosecuting witness is one Fred Siemers, who testified that on the evening of November 19, 1926, while he was driving alone in his automobile near Windom, the four, defendant and the others indicted with him, waylaid him and committed the alleged assault; that White then and there threatened him with a revolver. The testimony of White, Runkle and Fischer is that they and Schoening had arranged to buy from Siemers 50 gallons of "Joe Vogel whisky," so called because it was the product of a distillery (said by a witness to have cost $30,000) operated by one Joe Vogel near Springfield and something over 30 miles from Windom. The liquor was to cost $250. Before starting for it Siemers demanded and got a down payment of $100. White and his codefendants were to meet Siemers on his return at a designated place to get the liquor. They met him, but he had no liquor and did not return the money. An altercation ensued. Of that there is no doubt. Siemers testified that he was threatened with a revolver in the hands of White. The other three admitted the altercation, but denied the assault.

1. The claim that the evidence does not sustain the verdict has no merit. It is true that Siemers has a criminal record of his own and that his story lacks corroboration. It is just as true that White has a criminal past, and that Runkle and Fischer, although without previous convictions, are admitted criminals. Where between men of that ilk the issue is one of credibility and nothing more, and a jury has passed on it and their verdict has been confirmed by the denial of new trial, it is useless to ask this court to interfere. Given so much of a criminal disposition in the witnesses on both sides of an issue, it is distinctly a case where the determination of the jury and the trial judge should not be disturbed on appeal.

2. The prosecuting witness, Siemers, testified to the bare facts of the assault. His testimony covered a very narrow range. He did not go into preceding events at all. On his cross-examination he was asked where he was going that afternoon and other questions calculated, in the words of the cross-examiner, "to open up the whole transaction and offer proof with reference to all of it." The

witness declined to answer upon the ground that to do so might incriminate him. The court declined to require him to do so. An exception having been taken, the ruling is assigned as error. The argument in support is put upon State v. Nichols, 29 Minn. 357, 13 N. W. 153; State v. Klitzke, 46 Minn. 343, 49 N. W. 54; and Brown v. Walker, 161 U. S. 591, 16 S. Ct. 644, 40 L. ed. 819. They hold that a witness cannot testify to part of a transaction voluntarily and then, under the claim of his privilege against self-incrimination, refuse to testify to the whole.

In this case there is doubt whether the direct testimony of Siemers went so far. The transaction in question was the assault and nothing more. There was no limitation upon the cross-examination so far as it was confined to that. The arrangement for the purchase of the liquor was something else. And there is force in the argument for the state that it was so far disconnected with the alteration which took place much later in the same day and during which the alleged assault occurred that the witness could testify as to the latter without waiving his privilege as to the former. But that we do not decide, for it is perfectly clear upon this record that from the jury's standpoint Siemers' position as to credibility (the only point to which the excluded cross-examination was directed) is much worse than it would have been had he answered all of the questions propounded to him and which he refused to answer. That conclusion follows whatever assumption be indulged concerning the answers that might have been given. In any case the plight of the prosecuting witness would have been unenviable in the extreme.

For the defense, the testimony of White, Runkle and Fischer was as already indicated. With the utmost detail they testified to the plan to get the whisky, the payment of the money to Siemers, and his return without either the goods or the money. They go further and testify that Siemers claimed to have been held up and that later he himself committed an aggravated assault with a revolver upon Fischer and Runkle. After all this testimony, Siemers did not take the stand in denial or at all. It is perfectly obvious therefore that the defense was not prejudiced by Siemers' refusal to answer. In view of what followed and from the practical stand-

point of the jurors, his claim of privilege against self-incrimination must have put the case in a stronger light for the defense than if Siemers had been cross-examined at length and had either affirmed or denied the story told for the defense.

The other assignment of error and the argument in support have been examined and found to present no ground for reversal.

Order affirmed.

HILTON, J. took no part.