[No. 21562.  Department One.  March 22, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. TOM
MORGAN, *Appellant*.[1]

*Crandell & Crandell*, for appellant.

*Ewing D. Colvin* and *Ethan Allen Peyser*, for respondent.

BEALS, J.—Defendant Tom Morgan and two others were jointly charged with the crime of extortion. Their trial resulted in a verdict of not guilty as to defendant Williams, and a verdict of guilty as to the other two. From judgment and sentence on the verdict, defendant Morgan alone appeals.

Appellant, Morgan, and the other defendant who was found guilty by the jury, were constables in precincts adjoining the city of Seattle on the south.  On October 14, 1927, one Herman Bart and his wife went in their automobile to the Holgate Hotel in the city of Seattle for the purpose of delivering some liquor which had been ordered over the telephone.  Appellant and the

[1]Reported in 275 Pac. 717.

other constable with whom he was acting placed Bart under arrest, took him and his wife into their car and started toward the county jail, placing the Barts' car in charge of their third associate.

The testimony offered by the state tended to prove that, while on the way towards the county jail, appellant and his associate agreed to release Mr. and Mrs. Bart in consideration of the payment of a sum of money; that money was paid to the two constables and that the Barts were thereupon released. The defendants contended that, on the way to the jail, Mr. Bart requested an opportunity to raise bail, and that an arrangement was made whereby Mr. and Mrs. Bart were released, they agreeing to meet the officers the next morning at the justice's office so that an appropriate charge could be filed against them. Defendants further contended that the liquor in the Bart car was stolen from them on the night of the arrest; that they met Bart the next morning and informed him of that fact and that therefore they filed no charge.

Most of the witnesses presented by the state admitted having been engaged in the unlawful disposal of intoxicating liquor. These witnesses appeared voluntarily and responded, without objection or claim of privilege, to such questions as were propounded to them by counsel for respondent. Upon cross-examination of some of the witnesses, the court advised them that they could avail themselves of their constitutional right of refusing to answer questions which, in their opinion, would tend to incriminate them, and the witnesses then proceeded to take advantage of the right accorded to them.

Appellant assigns as error the ruling of the court permitting these witnesses to claim their privilege on cross-examination, and also complains of what he alleges was unreasonable, arbitrary and prejudicial

action of the trial judge in refusing to permit appellant's counsel to present certain matters to the court and, as counsel says, "perfect the record for the purpose of presenting the same to the appellate court for review." Appellant also assigns as error the ruling of the court to the effect that a question propounded by appellant's counsel on cross-examination need not be answered, and contends that the court erred in overruling appellant's motion for a new trial.

Herman Bart, or Bartolini, was called as a witness for the state, and testified upon direct examination that he had been delivering liquor as messenger for a bootlegger whom he named as A. A. Snow. Appellant's counsel, on cross-examination, asked the witness what other names he had used, to which the witness answered that he had used another name but that he refused to state what it was. The court thereupon informed the witness that he had a statutory right to refuse to answer any questions that would tend to incriminate him, and informed the witness that, if he desired to refuse to answer a question on that ground, he might do so. Counsel for appellant urge that the rule stated by the court was too broad, and that the witness, having voluntarily, on direct examination, testified that he had been guilty of a criminal offense, could not later, on cross-examination, claim his privilege. The witness, however, later, did answer the question propounded by appellant's counsel, and an examination of the record convinces us that this witness responded fully to all questions propounded to him by appellant's counsel, to which objections were not sustained.

The rule informally announced by the trial court was too broad. The witness, having voluntarily and without claiming his privilege, answered questions propounded him by the prosecution and, by his answers, admitted that he had been guilty of an infrac-

tion of law which would subject him to a criminal prosecution, could not, on cross-examination, refuse to answer questions germane to his direct examination, upon the ground that his answers to such questions might incriminate him. By voluntarily testifying for the state, the witness waived his right to refuse to answer on cross-examination questions propounded to him, which were properly within the scope of cross-examination, upon the matters concerning which he had testified in chief.

The rule as to cross-examination of the defendant himself in a criminal prosecution is stated in the cases of *Wilson v. United States,* 4 Fed. (2d) 888, and *Tucker v. United States,* 5 Fed. (2d) 818. In these cases, the court applies the rule limiting cross-examination of even the defendant himself in a prosecution to matters testified to by him as a witness on his own behalf in his examination in chief.

In the case at bar, the trial court properly, on its own motion, called the attention of the witness to his constitutional rights, but it does not appear from the record that the witness Bart availed himself of his privilege and refused, for that reason, to answer any questions propounded to him by appellant's counsel.

A. A. Snow, called as a witness on behalf of the prosecution, testified that, on the date of appellant's arrest, the witness was engaged in the liquor business, and that, at the time of appellant's trial, charges of violation of the liquor laws were pending against him.

On cross-examination, the witness testified that he had been engaged in the liquor business for about eight months, and that the witness Bart was working for him as delivery boy; that the witness maintained his cache of liquor in the car that Bart was using for the purpose of delivering the same as directed by the witness. On further cross-examination by appellant's

counsel, the witness refused to answer certain questions on the ground that his answers might tend to incriminate him. Appellant was being tried for the offense of extorting money from the witness Bart. The witness Snow had, on his examination in chief, frankly admitted that he had been engaged in the liquor business and was, at the time he was testifying, under charges based upon alleged violation of the laws against traffic in intoxicants. Appellant had the advantage of complete admissions by Snow to the effect that he had been engaged in an unlawful business, and was then facing prosecution. To some of the questions propounded on behalf of appellant, objections were urged by respondent which were sustained by the court. As to such questions, no privilege was claimed by the witness, and we cannot say that the court erred in ruling that the questions were not proper cross-examination. As to the few questions which the witness refused to answer upon the ground that his answer might incriminate him, a careful examination of the record convinces us that the questions which were not answered cannot be said to have been proper cross-examination of the witness. The questions have no bearing whatever upon the guilt or innocence of appellant, and concern the illicit operations of the witness as a dealer in intoxicating liquor, all of which had theretofore been frankly admitted by Mr. Snow. We find no reversible error in the rulings of the court permitting Mr. Snow to claim his privilege. A different question would be presented had the questions been more nearly germane to the testimony given by the witness in chief.

Our view of this matter renders unnecessary any discussion of Rem. Comp. Stat., § 7318, to the effect that no person shall be excused from testifying in certain cases, including any action or proceeding under

any law relating to the unlawful disposition or possession of intoxicating liquor, on the ground that his testimony may incriminate him, but that no person shall be prosecuted or punished on account of any transaction concerning which he was compelled to testify.

In regard to appellant's contention that, during the trial of the action and in the presence of the jury, the court exhibited some degree of temper in ruling against appellant, we find nothing in the record which indicates that appellant had other than a fair trial or that his rights were in any degree prejudiced by the action of the trial court.

No reason, other than the matters hereinbefore discussed, is assigned by appellant for his contention that the court should have granted him a new trial.

Finding no error in the record, the judgment is affirmed.

MITCHELL, C. J., and TOLMAN, JJ., concur.

FULLERTON and HOLCOMB, JJ., concur in the result.