111 So.2d 306

STATE of Louisiana ex rel. Suzanne
COLLINS

v.

Nereus W. COLLINS, Sr. et al.

No. 44426.

April 27, 1959.

Harry V. Booth, Leonard L. Lockard, John R. Pleasant, Joseph C. LeSage, Jr., John T. Carpenter, Shreveport, for petitioners.

Herbert C. Harrison, Shreveport, for appellee.

SIMON, Justice.

Suzanne Collins obtained a writ of habeas corpus from the First Judicial District, Parish of Caddo, directed to her husband's father and mother, Nereus W. Collins, Sr. and Nell Collins, ordering them to produce her minor son, Charles Wesley Collins, on her petition alleging that, as his natural mother, she had the legal right to the custody of her minor child.

The respondents, instead of producing the child as directed, filed an answer making a general denial of all averments of plaintiff's petition. On a trial on the merits, it developed that the natural father of the child, Nereus W. Collins, Jr., had removed him from the jurisdiction of the court after the writ had been served on Mr. and Mrs. Collins, Sr.

The lower court made the rule absolute, rendered judgment in favor of Suzanne Collins against Mr. and Mrs. Collins, Sr., and ordered them to release and deliver the custody and possession of the minor, Charles Wesley Collins, to his natural mother, Suzanne Collins, within four days

of the rendition of the judgment. The defendants have appealed from this judgment.

Pretermitting the validity of the custody award, this appeal presents for our determination the legality of the method of procedure observed by the lower court in arriving at the decree rendered herein.

 The writ of habeas corpus, finding its origin in the common law but guaranteed under the federal and state constitutions, is an expeditious remedy, employed by the judiciary to inquire into the legality of the restraint or deprivation of liberty of a person. It is not one affected by procedures generally followed in the course of ordinary litigation. Its use and advocacy is exhaustively established in and controlled by a completely integrated and self-sustaining unit found in Articles 791 to 827 of our Code of Practice and wherein every aspect, element and requisite is explicitly detailed.

Applicable to the instant case are the articles of our Code of Practice which treat of the duties and obligations of the person to whom the writ is directed and served. Article 805 imposes on the person served with the writ the mandatory duty to "obey and return the order without delay to the court." Under Article 806 he is called upon to manifest his obedience to the writ by producing the person held in restraint or his liberty denied, if that person is in his custody or is confined by him; with the further requirement that he make answer in writing, separately or on the back of the court's order in the manner hereinafter set forth. Article 807 provides that the person on whom the writ is served shall declare positively in his answer: "1. Whether he has or has not in his power or custody the person to be set at liberty, or whether that person is confined by him. 2. By what authority and for what cause he arrested or detained him." Article 808 then provides:

"If the person on whom the habeas corpus is served had held the petitioner in confinement, or had detained him within three days preceding the service, or had transferred the custody to another, he shall state particularly in his answer *to whom, at what time, for what cause, and by what authority,* he made the transfer." (Italics ours.)

 The instructions and requirements explicitly outlined in these articles are mandatory and not directory. They are so classified for the very fact that the writ of habeas corpus is in essence law unto itself from which no deviation is permissible.

 It is therefore manifest that in a response to the writ a general denial is not authorized; the response to be made

is "not to the petition filed, but to the writ issued," and the letter of the law as set out in Articles 807 and 808 must be fully complied with under penalty of contempt. State ex rel. Doran v. Doran, 215 La. 151, 39 So.2d 894, 896.

■ In the instant case, when the respondents filed an answer containing only a general denial, one incompatible and in conflict with the procedure outlined in said codal articles, the trial judge should have declined to proceed with the hearing until the subject child was produced in court or a full and satisfactory explanation given by the respondents as to why the minor could not or should not be produced; and if the custody had been transferred to another to state particularly to whom, at what time, for what cause, and by what authority, they had made the transfer. This was the unequivocal conclusion reached by us in the Doran case, supra, wherein we said:

"The Code of Practice does not authorize, and we do not think the judge should have sanctioned, the procedure followed by the respondent here. When Doran failed to follow the procedure set·out in the Code of Practice, it was well within the province of the judge issuing the writ, and it was his duty, to decline to proceed with the hearing until the subject child was either produced in court or a satisfactory explanation given by Doran as to why it could or should not be produced. If the respondent failed to comply with such an order, then the trial judge should have held him in contempt of court. * * * We must, therefore, conclude that the trial judge erred in ordering the respondent to forthwith produce the child in court before proper response had been made to the writ, particularly since the evidence adduced fails to disclose the detention of the child and his whereabouts."

■ The rationale of this holding is that a court should not be called upon to render an unenforceable judgment. The inexorable requisites of our codal articles are absolute and the accepted remedy and procedure to be observed, upon a non-compliance thereof, is a rule for contempt against whom the writ has been issued.

For the reasons herein assigned, the judgment of the lower court ordering the respondents to surrender the minor child Charles Wesley Collins, to the petitioner, Suzanne Collins, is reversed, annulled and set aside, and the case is remanded to the lower court for further proceedings consistent with the views herein expressed.