BOLIN, Judge.
We issued alternative writs of certiorari and mandamus directing the clerk of the Fourth Judicial District Court to transmit forthwith the record in order that we might examine the proceedings to determine the correctness of the .lower court’s failure to try a writ of habeas corpus on the return date. We further ordered all proceedings in the cause stayed and suspended pending judgment of this court. Pursuant to our order the record of the entire proceedings is now before this court.
On August 26, 1969, Sharon L. Hays filed a petition alleging she was formerly married to John B. Hays, from whom she was divorced; that of this marriage two children were born, John B. Hays, V on September 7, 1960, and Craig Michael Hays on October 3, 1961; that petitioner was awarded the permanent care, custody and control of the minor children subject to reasonable visitation rights accorded to Mr. Hays; that petitioner allowed the children to visit their father in June, 1969, in order to attend his wedding; that despite numerous demands by petitioner defendant has failed to return the custody of the two minor children to petitioner. On August 26, 1969, petitioner prayed for and was granted a writ of habeas corpus directing Mr. Hays to appear before the court on September 4, 1969, at 9:30 o’clock a. m., accompanied by the two minors, and to show cause why the children were being detained and why they should not be returned to petitioner’s custody. The sheriff’s return on the writ reflects Hays was personally served on August 27, 1969.
On September 2, 1969, Hays, through his attorney, filed an answer wherein he generally denied petitioner’s allegations and affirmatively set forth the judgment awarding the custody of the minor children to Mrs. Hays was rendered by a foreign court *157 and not entitled to full faith and credit in Louisiana. On September 5, 1969, an amended answer was filed asking that respondent be awarded the custody of the children.
On September 4, 1969 (the return date of the rule), the minutes of court reflect the following entry:
“Plaintiff asks that Habeas Corpus be set for today and asks that custody of children be turned over to the petitioner. The Court denied petitioner’s request in both instances. Petitioner excepts to the Courts ruling and gives notice to the Court of its intention to apply for Supervisory Writ to Appellate Court. Case Continued.”
In his written reasons, the trial judge stated:
“ * * * Pursuant to Rule 6 of the rules of this Court Tuesdays and Thursdays of each week in Courtroom No. 2 are “Rule Days”; and the Court signed the order making the writ returnable on September 4, 1969. At that time, the Court cautioned counsel that several rules and other summary matters, not yet contested, had already been made returnable on that date (the first full rule day of the fall term) and that in addition, there were assigned to this Court and fixed for trial on that date, two cases involving contested rules. Counsel was also reminded of Rule 16 requiring that when any matter is contested it must then be assigned to a judge (division), who will then fix date for trial.
“A day or two prior to September 4, when counsel was in the court’s chambers, it was learned that this petition had been put at issue by written answer, but the matter had not been allotted to a judge nor assigned a date for trial. Rule 16 was again called to counsel’s attention, as was the docket of previously fixed rules and assigned matters scheduled for September 4. Counsel then was informed that the court would not hear this matter on September 4 and that it would have to be placed on the docket pursuant to Rule 16.
“While the Court was sounding its rule docket on September 4, counsel for plaintiff then moved that the writ be given preference and that this Court hear the matter on that date. In reliance upon the rules previously referred to, particularly Rule 16, the motion was denied.”
When the lower court refused to hear petitioner’s application for a writ of habeas corpus of the return date application was made to this court for the exercise of our supervisory jurisdiction.
A copy of the official court rules of the Fourth Judicial District Court, attached to petitioner’s application for writs, provide in Rule 6:
“RULE DAYS
“Tuesdays and Thurdays of each week during which Court is in session in Ouachita Parish shall be designated as rule days. All contested rules, motions, exceptions, summary proceedings and other preliminary matters shall be heard on rule days and on no other day except as may be specially ordered by the Court. On rule days, the regular motion hour shall be held, and the order of business shall be the same as provided in Rule 5 hereinabove, except that these contested rules, motions, exceptions, summary matters and other preliminary proceedings shall be taken up just prior to the docket for the day.
“Any attorney desiring to set for hearing any such rule, motion, exception, plea, summary matter or preliminary proceeding shall notify opposing counsel thereof at least two days in advance of the date on which the matter is fixed. No argument on rule day shall exceed fifteen minutes for each side, unless otherwise ordered by the Court.”
*158 From our examination of the court rules we are not certain which portion of Rule 16 the trial court relied on in refusing to dispose of the habeas corpus proceedings on the return date of the rule. Rule 16 generally provides that if a matter is contested the case will be placed on the trial docket; that each case appearing on that docket will be allotted to a judge, according to a plan to be agreed upon by the judges, and a date will be assigned for the trial of each such case. This rule further provides that after a case has been allotted to one judge it may not be transferred to another judge without the consent of the judge to whom it was originally allotted and the judge to whom it is to be transferred.
The trial judge has favored this court with a response to the writs, wherein he sets out with particularity the reasons for his actions. Therein appears the following :

“Insofar as allotment to judges and docket of cases is concerned, the present rules of the Fourth Judicial District Court have been in effect at least seven years. Having three judges to serve two parishes, and having only two court rooms available in Ouachita Parish, we have been obliged to assign each judge to Morehouse Parish for two weeks at a time while the other two judges are sitting in Ouachita Parish. Moreover, the rapid substantial increase in the criminal caseload has required amendment to the rules in order to provide two jury terms of one week each during the ten months of the regular court session in Ouachita Parish. In addition, a high percentage of civil cases (including rules and other summary matters) remain uncontested, necessitating daily motion hour and two rule days each week in Ouachita Parish. All of these circumstances, together with the desire to avoid temptation on the part of litigants or attorneys to “shop” judges, have dictated against allotment of cases to judges or divisions at the time of filing.
“Accordingly, the judges decided upon and have followed without undue hardship the system of alloting and docketing contested cases only when they are put at issue and either litigant requests assignment. Because of the shortage of time available to each judge for the trial of contested cases, and in order to avoid inequitable distribution of work to the judge presiding over motion hour and rule days, it has been necessary to apply our Rule 16 to all contested matters, whether they be summary or ordinary.”
Mrs. Hays contends that habeas corpus proceedings are summary in nature and that she was entitled to a hearing on the return date of the rule and that if the court has adopted rules denying her this right such rules have no force and effect because they are contrary to the law of Louisiana.
The relevant statutory law appears in the following articles of the Louisiana Code of Civil Procedure:
“Art. 3781.
“A writ of habeas corpus, mandamus, or quo warranto may be ordered by the court only on petition. The proceedings may be tried summarily and the writ when ordered may be signed by the clerk under the seal of the court, or it may be issued and signed by the judge without further formality.
“Art. 3782.
“A petition for a writ of habeas corpus, mandamus, or quo warranto shall be assigned for hearing not less than two nor more than ten days after the service of the writ, except that, upon proper showing, the court may assign the matter for hearing less than two days after the service of the writ.
“Art. 3783.
“A written answer to a petition for a writ shall be filed not later than the time fixed for the hearing.
*159 “Art. 3784.
“The hearing may be held in open court or in chambers, in term or in vacation.
“Art. 3821.
“Habeas corpus is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody.
“Custody, as used in this Chapter, includes detention and confinement.
“A petition for a writ of habeas corpus may be filed by the person in custody or by any other person in his behalf.”
The writ of habeas corpus originated in the common law but it encompasses a basic and fundamental right which is guaranteed under our Federal and State Constitutions and is now firmly established in the jurisprudence and statutory law of this state. It is designed as a speedy and efficient method of affording a judicial inquiry into the legality of the restraint or custody under which a person is held. In civil matters, habeas corpus has been utilized almost exclusively in cases involving custody of children. A writ of habeas corpus is in essence a law unto itself, from which no deviation is permissible. The proceeding being summary in nature, it should be disposed of speedily and without any unnecessary delay. State ex rel. Doran v. Doran, et al., 215 La. 151, 39 So.2d 894, 1949. State of Louisiana ex rel. Collins v. Collins, Sr. et al., 237 La. 111, 110 So.2d 545, 1959.
It is well to point out, however, that even though the writ of habeas corpus calls for •prompt action, this fact does not do away with all other procedural statutes or rules designed for the effective administration of justice. In other words, the writ should be tried without delay and on the return day unless just cause be shown to the contrary. Ex parte Ryan, 124 La. 356, 50 So. 385, 1909.
From our review of this record we find the lower court erred in refusing to dispose of the writ of habeas corpus on the return date. We do not intend to hold that a writ of habeas corpus must be heard and judgment rendered on the return date in every case. We appreciate • the difficulty of trial courts in summary proceedings and we hesitate to interfere in the internal administration of trial courts. However, it is the clear and mandatory duty of the court to call a habeas corpus case for trial on the return date and, unless a good cause is shown, the trial should proceed on that date. In the instant case the only reason shown for not disposing of the matter on the date set was that after an answer had been filed it became a “contested matter” under the rules of the court and, therefore, under Rule 16 of the court, it became necessary to docket the case, assign it to a particular judge, after which it would be fixed for hearing. We find such an interpretation of the rules to be contrary to law and insufficient cause to delay a hearing on a habeas corpus proceeding.
For the reasons shown the alternative writs of certiorari and mandamus are made absolute and, accordingly, the Honorable Robert T. Farr, Judge of the Fourth Judicial District Court in and for the Parish of Ouachita, State of Louisiana, be and he is hereby ordered to immediately and forthwith fix a return date for the writ of habeas corpus under Rule 6 of the official court rules of the Fourth Judicial District Court, provided the hearing be not less than two nor more than ten days after due notice. It is further ordered the hearing be held by him or one of the other judges of the court on the return date unless good cause be shown to the contrary.
It is further ordered that the cost of this proceeding be paid by John B. Hays and that all other costs await the final determination of the cause.