| 29 | 357 |
| 46 | 343 |

### STATE OF MINNESOTA *vs.* MILES NICHOLS.

### August 3, 1882.

**Bastardy—Uncorroborated Testimony of Complainant.**—Bastardy proceedings under the statute are not properly criminal in their nature, and proof beyond a reasonable doubt is not necessary to the conviction of a defendant. For the same reason it is not necessary that the testimony of the complainant (the mother) be corroborated by other evidence. Evidence *held* sufficient.

**Irregular Conduct of Court and Jury Unobjected to.**—As the jury were about to retire, the court delivered to them certain papers—part of the record certified from the justice before whom the proceeding was instituted. No objection was made. This occurring in court, and upon the trial, it will be presumed that defendant's attorney knew the fact, in the absence of a distinct showing that he did not know it; and by not objecting, or otherwise calling the attention of the court to what is now claimed to have been error, he will be deemed to have consented.

Bastardy proceedings. Appeal by defendant from a judgment of the district court for Fillmore county, where the action was tried before *Farmer*, J., and a jury. The case is stated in the opinion.

*J. D. Farmer* and *E. N. Donaldson*, for appellant.

It was error to require a witness to give testimony criminating himself, and not to instruct him that he was not obliged to answer. *State* v. *Bilansky*, 3 Minn. 169 (246;) *Simmons* v. *Holster*, 13 Minn. 249. The court also erred in not instructing the jury that they must be satisfied beyond a reasonable doubt. *Zweifel* v. *State*, 27 Wis. 396; *Baker* v. *State*, 47 Wis. 111; *McCoy* v. *People*, 65 Ill. 439; *Satterwhite* v. *State*, 28 Ala. 65.

When upon a trial a material paper, not read in evidence, has been given to the jury by mistake, a new trial should be granted. *Whitney* v. *Whitman*, 5 Mass. 404; *Hix* v. *Drury*, 5 Pick. 296.

*N. Kingsley*, for the State.

Only preponderance of proof is required in these proceedings. *Dingman* v. *State*, 48 Wis. 485, in addition to authorities cited in the opinion.

Dickinson, J. Upon the complaint of one Anna Thompson, bastardy proceedings were instituted against the defendant, who, upon trial in the district court, was adjudged to be the father of a bastard child of the complainant. From this judgment he appealed to this court.

1. Upon the trial, a witness was called for the defence, who testified that he knew that the complainant had sexual intercourse with other parties than the defendant at a date named, which was about the time the child was begotten. Upon cross-examination, the witness was required by the court, he objecting, to state who the person was to whom he referred. He then testified that he was himself such person. The case presents no exception to the action of the court. We are satisfied, however, that the court did not err. The witness could waive his privilege, whereby he was protected from criminating himself. He did waive it when he voluntarily testified as he did in behalf of the defendant. He must have seen that a disclosure of the whole truth would be self-criminating, and, having voluntarily testified to material facts in favor of the defendant when he might

have claimed his privilege, and should have done so, unless he elected to abandon it, he could not deprive the adverse party of the right of cross-examination, by setting up his privilege. Whart. Crim. Ev. 470.

2. The court instructed the jury that the issue was to be determined by a preponderance of the evidence, and refused to charge the jury that, before they could find a verdict against the defendant, they must be satisfied beyond a reasonable doubt. There was no error in the instruction and ruling of the court. *State* v. *Snure, ante,* p. 132; *Semon* v. *People,* 42 Mich. 141; *Knowles* v. *Scribner,* 57 Me. 495; *Young* v. *Makepeace,* 103 Mass, 50; *People* v. *Christman,* 66 Ill. 162; *Thoreson* v. *N. W. Nat. Ins. Co. ante,* p. 107.

3. It is claimed that the complaining witness was not corroborated, and that a verdict against the defendant cannot stand upon her testimony alone. The law does not require in such cases that the testimony of the complaining witness be corroborated by other evidence. The rule invoked by the defendant is one which has reference only to criminal prosecutions, except where by statute it is given a broader application, as has been the case in England with respect to bastardy proceedings. Our statute relating to convictions upon the testimony of accomplices, (Gen. St. 1878, c. 73, § 104,) applies only to the prosecutions for crime. This is not a criminal proceeding, in the proper sense of the term. See cases cited *supra.*

4. The evidence was sufficient to sustain the verdict. The complainant testified to facts which, if true, showed that the defendant was the father of the child, and that no other person could have been. To what extent the force of this testimony may have been weakened by the testimony of others tending to show a contrary state of facts, or by contradictory statements made by the complainant at another time, or by impeachment respecting her truthfulness, was a matter to be determined by the jury.

5. As the jury were about to retire to deliberate on their verdict, the court delivered to them the record in the case returned by the justice of the peace before whom the proceeding had been instituted, consisting of the complaint, warrant, subpœna, recognizance, bond for appearance in the district court, a transcript of the justice's docket,

and of the evidence given upon the examination before the justice. Defendant now claims it was error to have suffered the jury to take the record of the examination and the transcript of the docket. The only fact presented in the case touching the knowledge of defendant's attorneys as to the delivery of these papers to the jury is this statement, referring to such papers, viz.: "The court supposing them to be the complaint of the prosecuting witness, and her testimony in the proceeding before the magistrate; both the court and the respective attorneys being ignorant of the actual character of the papers." This was a proceeding in court and in the trial of the cause. It is to be presumed that the attorneys conducting the trial knew of the delivery of the papers to the jury, and there is nothing to show that they did not know that among the papers so delivered was the record of the examination, which had been read to the jury by the defendant, and the transcript of the docket. It is not enough in such case for the moving party to show that he was "ignorant of the actual character of the papers." The statement does not reach the fact which alone is material in this connection, viz.: Was the attorney ignorant of the fact that the papers in respect to which error is now alleged were delivered to the jury? If the attorney knew, as we must presume he did, in the absence of showing to the contrary, that the court delivered to the jury the papers referred to, although he was ignorant of their actual character, it was incumbent upon him to see that papers not proper to go to the jury should be withheld, and, by objection or otherwise, to call the attention of the court to what is now complained of as error. This not having been done, we will not consider whether or not the papers were properly submitted to the jury.

Judgment affirmed.