STATE OF MINNESOTA *vs.* MICHAEL EICHMILLER.

May 26, 1886.

Bastardy — Judgment — Maintenance.—A judgment in bastardy proceedings, requiring the defendant to pay for maintenance a given sum per year, without specifying any number of years during which the payments shall continue, is not, on that account, erroneous. It is subject to the future order of the court discontinuing the payments, upon a showing that maintenance is no longer necessary.

State v. *Zeitler, ante,* p. 238; followed.

Appeal by defendant from a judgment of the district court for Otter Tail county, where he was tried before *Baxter,* J., and a jury on a charge of bastardy.

*Rawson & Houpt,* for appellant.

*Charles L. Lewis,* for the State.

BERRY, J. 1. The testimony put into the case by the defence for

the purpose of showing that the prosecutrix had had improper intercourse with persons other than defendant, so as to render it difficult, if not impossible, to determine the paternity of her child, would tend to show that she was a prostitute, in the sense of submitting herself to indiscriminate sexual intercourse. *Com.* v. *Cook,* 12 Met. 93; *State* v. *Stoyell,* 54 Me. 24. This being a proceeding in which, upon testimony of this kind, the character of the prosecutrix is seriously involved, we see no reason why it was not entirely proper for the court to caution the jury against inconsiderately and hastily arriving at the conclusion that she was a prostitute, as attempted to be shown, and upon that basis unjustly acquitting defendant, at her expense; especially, in view of the explicit and repeated instruction that to convict the defendant they must be satisfied *beyond a reasonable doubt* that he was the father of the bastard child. This instruction applied to this civil proceeding (*State* v. *Becht,* 23 Minn. 1; *State* v. *Worthingham,* Id. 528; *Marston* v. *Jenness,* 11 N. H. 156; *Beals* v. *Furbish,* 39 Me. 469; *State* v. *Jager,* 19 Wis. 235; *Maloney* v. *Piper,* 105 Mass. 233) the rule of evidence applicable to *criminal* proceedings, and was thus unnecessarily favorable to defendant.

2. The point that it was error to order judgment for the lying-in expenses of the mother (the same not appearing to have been incurred by the county) has been ruled against the defendant at this term in *State* v. *Zeitler, ante,* p. 238.

3. The judgment is not in commendable form, but the effect of it is to require the defendant to pay to the county commissioners, in addition to the costs and lying-in expenses, $15 a quarter in advance, reckoning from December 5, 1885, the date of the judgment, instead of from an earlier date, as would have been entirely proper. The judgment fixes no length of time during which the quarterly payments must be made. The difficulty of determining in advance how long the child will require to be maintained may furnish a reason for this; but, at any rate, the judgment is *in this respect* subject to the future order of the court, upon a showing that maintenance is no longer necessary.

Judgment affirmed.