,STATE OF MINNESOTA *vs.* EMIL KLITZKE.

June 15, 1891.

**Appeal—Bastardy Proceeding.**—An appeal from the district court in bastardy proceedings is to be effected in the same manner as in civil actions.

**Same—Service of Notice on Clerk.**—A notice of appeal having been served on the adverse party, a filing of such notice with the clerk of the court, with proof of such service, is a sufficient compliance with the statutory requirement of service upon the clerk. Following *Baberick* v. *Magner*, 9 Minn. 217, (232.)

**Bastardy—Sufficiency of Warrant.**—It is not essential to the acquiring of jurisdiction by a justice of the peace in bastardy proceedings that the warrant of arrest set forth with particularity the facts contained in the complaint.

**Same—Cross-Examination of Defendant.**—A defendant in such a proceeding, having testified in defence, denying having had intercourse at the time stated in the complaint and in the evidence of the complainant, may be required on cross-examination to answer whether he had such intercourse at another time.

**Same—Oral Rebuttal of Testimony before Justice.**—The examination of witnesses as taken before the justice having been read in evidence on the part of the defendant, such evidence may be rebutted orally.

Evidence *held* sufficient to sustain the verdict.

Appeal by defendant from an order of the district court for McLeod county, *Edson*, J., presiding, refusing a new trial after verdict of guilty in a bastardy proceeding.

*R. H. McClelland* and *H. J. Peck*, for appellant.

*J. V. V. Lewis* and *W. F. Schoregge*, for the State.

DICKINSON, J. The application on the part of the state that the appeal to this court be dismissed, is denied. The procedure by which a judgment of the district court, or its order upon motion for a new trial, in bastardy proceedings, may be appealed to this court is that regulating appeals in civil actions. See *State* v. *Worthingham*, 23 Minn. 528; *State* v. *Snure*, 29 Minn. 132, (12 N. W. Rep. 347;) *State*

v. *Nichols*, 29 Minn. 357, (13 N. W. Rep. 153.) The ground of the motion to dismiss this appeal is that a notice of appeal does not appear to have been served upon the clerk of the district court. It does appear, however, that a notice of appeal, addressed to the attorneys for the state and bearing their admission of service, was filed with the clerk of the court. Following the decision in *Baberick* v. *Magner*, 9 Minn. 217, (232,) we hold that to be a sufficient compliance with the statute.

The motion in the district court to dismiss the action because of alleged defects in the warrant upon which the defendant was brought before the justice was properly denied. The office of the warrant in such cases is to bring the defendant before the court to answer the complaint, which is required to be made in writing before the warrant is issued. It is not claimed that the complaint was defective. The statute does not declare what shall be set forth or recited in the warrant. It is not necessary that it contain a statement or recital of facts with such particularity as is required in a complaint, indictment, or other pleading which a defendant is called to answer, and which should set forth such facts that, upon their being established by proof or admission, judgment thereon may be legally pronounced.

The evidence on the part of the state, consisting chiefly of the testimony of the complainant, was that the sexual intercourse upon which the proceeding is founded took place on the 8th day of July, 1888. The defendant, testifying in his own behalf, denied this, declaring that he was not on that day at the place referred to in the testimony of the complainant. On his cross-examination he testified, under objection, that he did have intercourse with the complainant during that month. The objections to this evidence were properly overruled. The state was not concluded by the defendant's denial that intercourse took place on the 8th of July, and had the right by legitimate cross-examination to weaken or overcome the force of that denial. The examination objected to was legitimate for that purpose. It tended to narrow the contradiction between the testimony of the complainant and the testimony in chief given by the defendant to the matter of *time* only; so that the jury, if they should conclude that the testimony of the complainant was to be believed, rather

than that of the defendant, as to whether he was at the place indicated on the 8th day of July, would have less difficulty in determining the other fact of intercourse taking place at that time. The defendant, having voluntarily testified as a witness in his own behalf, was not protected from a strictly legitimate cross-examination on the ground that his answers might criminate him. *State* v. *Nichols*, 29. Minn. 357, (13 N. W. Rep. 153.)

The defendant having read to the jury, from the evidence returned by the justice, the testimony of certain witnesses to facts relevant and material to the issue, it was not error to allow the state, in rebuttal, to present the oral testimony of the complainant denying such facts.

It is urged that the evidence did not justify the verdict. This depends solely on the credibility of the witnesses, and the case is not such that we ought to overrule the verdict, which the trial court has refused to disturb.

Order affirmed.