STATE OF MINNESOTA v. ERICK A. ALLRICK.[1]

December 24, 1895.

No. 9866.[2]

**Appeal in Bastardy Proceedings—G. S. 1894, § 6143.**

Neither G. S. 1894, § 6143, relating to the bond on appeal from "a judgment directing the payment of money," nor any other statute regarding supersedeas bonds on appeals in civil actions, applies to an appeal from a judgment in bastardy proceedings.

**Same—Condition of Appeal Bond.**

A supersedeas bond on appeal from a judgment in bastardy proceedings should be conditioned on the payment of all costs and charges awarded against defendant on appeal, and in case of dismissal of the appeal, or of affirmance of the judgment, on defendant's abiding by and performing the judgment, or surrendering himself a prisoner, in execution thereof.

In bastardy proceedings in the district court for Mower county defendant was, December 16, 1895, adjudged to be the father of the bastard child of complainant. By the judgment defendant was charged with the support of the child, and was ordered to pay the costs of the proceedings, and to give bond for the performance of the judgment and in default of compliance therewith to be committed. Defendant served notice of appeal to this court and presented to the court commissioner a bond in appeal, the condition of which was that defendant should personally appear at the supreme court at the April, 1896, term, and enter and prosecute his exceptions with effect, and abide the sentence thereof and the judgment of said court, and in the meantime keep the peace and be of good behavior and abide and comply with the judgment appealed from in case the same should be affirmed. The bond was approved by the court commissioner, who ordered that defendant be released from custody pending his appeal. Thereafter, on application of the county attorney, an order was made by the court, Whytock, J., vacating the order of the court commissioner and remanding defendant to custody. Upon application of defendant to this court, an or-

---

[1] Reported in 65 N. W. 639.          [2] Not on term calendar.

der was issued that respondent show cause why the last mentioned order should not be vacated and why defendant should not be discharged from custody during the pendency of his appeal. Order to show cause discharged.

*Henry J. Gjertsen,* for appellant.

*S. D. Catherwood* and *French & Wright,* for respondent.

PER CURIAM. We held in State v. Klitzke, 46 Minn. 343, 49 N. W. 54, that the procedure in appeals in bastardy proceedings is that regulating appeals in civil actions. This must be understood as being subject to the implied qualification "so far as applicable." A judgment in bastardy proceedings is not, in our opinion, "a judgment directing the payment of money," within the meaning of G. S. 1894, § 6143. Neither is there any other provision in regard to supersedeas bonds on appeals in civil actions that can apply to an appeal from a judgment in such proceedings. It is really casus omissus. Therefore, in determining the form of bond which should be given, the courts must adopt, as far as possible, the analogies of the law in other cases. In our opinion, the conditions of a supersedeas bond on appeal from such a judgment should be that defendant will pay all costs and charges which may be awarded against him on appeal, and, if the judgment is affirmed or the appeal dismissed, that he will abide by and perform the judgment appealed from, or surrender himself a prisoner, in execution of said judgment. On giving a bond thus conditioned, in such sum as the court may order, and with such surety or sureties as it may approve, the defendant will be entitled to be discharged from custody pending his appeal. The bond which he gave, and which was accepted by the court commissioner, was not thus conditioned. Hence the court below was justified in vacating the action of the court commissioner, and ordering that the defendant be recommitted.

Order to show cause discharged.