## STATE v. WILLIAM LONGWELL.[1]

December 8, 1916.

Nos. 20,015—(12).

**Bastardy — five-sixths jury law applies in such proceedings.**
The five-sixths jury law applies to bastardy proceedings conducted under chapter 17, G. S. 1913.

Proceeding in the district court for Stearns county to charge defendant with being the father of a bastard child. Defendant pleaded not guilty and the case was tried before Roeser, J., and a jury of which 11 members found defendant guilty as charged in the complaint. Defendant excepted to the reception of a verdict, moved the court to set aside the verdict as illegal and excepted to the court making an order for judgment based on such verdict. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*J. D. Sullivan* and *R. B. Brower,* for appellant.
*Paul Ahles,* County Attorney, for the state.

BROWN, C. J.

Proceedings under chapter 17, G. S. 1913, to compel defendant to contribute to the support of a certain bastard child of which by the complaint he is charged with being the father. There was a verdict of guilty, and defendant appealed from an order denying a new trial.

The only question presented is whether the five-sixths jury law (section 7805, G. S. 1913), applies to proceedings of this kind. The trial court

[1] Reported in 160 N. W. 189.

held that it did, and in harmony therewith eleven of the jurors joined in a verdict of guilty; the twelfth juror refused assent to that result.

The statute on its face applies to civil actions or proceedings only, and it was not intended to have application to criminal prosecutions. It is the contention of counsel for appellant that the proceeding is so far criminal in character as to vest in the defendant the right to a jury trial as granted by the Constitution in criminal cases, and to a unanimous verdict of the jury.

The courts of the different states have not been in accord in respect to the nature of a proceeding of this kind; it being classed by some as criminal in its essential respects, by others as quasi-criminal, and by still other courts as purely a civil proceeding. 3 R. C. L. p. 750, § 30. The latter is the prevailing rule. See 7 C. J. 966, where the states are classified and the authorities collected and commented upon in reference to the question. In this state the proceeding has been classed as quasi-criminal. State v. Becht, 23 Minn. 1. But by practically all of our decisions we have negatived the theory that they are so far of a criminal nature as to require an application of the rules of criminal procedure, and the practice in civil actions has uniformly been followed and applied. In State v. Worthingham, 23 Minn. 528, it was held that the oath to be administered to the jury is that prescribed by statute for civil actions. In State v. Nichols, 29 Minn. 357, 13 N. W. 153, it was held that the rule of reasonable doubt does not apply, and that a conviction may be had upon a preponderance of the evidence. See also State v. Eichmiller, 35 Minn. 240, 28 N. W. 503. In State v. Klitzke, 46 Minn. 343, 49 N. W. 54, it was held that appeal proceedings are those prescribed for civil actions. The complaint may be amended and informal defects in the verdict disregarded. State v. Brathovde, 81 Minn. 501, 84 N. W. 340. The jury is selected in conformity with the civil jury statute, and the prosecuting attorney has the closing address to the jury. In the face of this line of decisions, disclosing the general attitude of the court upon the question, a departure from the theory that the proceeding is controlled by the procedure applicable to civil actions cannot now well or consistently be made. Reflection suggests no sound basis for a change of front upon the question at this late day. The five-sixths jury statute relates to the practice in the trial of an action, and it seems clear that the divided ver-

dict thereby authorized is a matter of procedure, and not a matter of substantive law. It was so treated and held in Bombolis v. Minneapolis & St. L. R. Co. 128 Minn. 112, 150 N. W. 385; and Winters v. Minneapolis & St. L. R.Co. 126 Minn. 260, 148 N. W. 106. And the view there taken was sustained by the Supreme Court in Minneapolis & St. L. R. Co. v. Bombolis, 241 U. S. 211, 36 Sup. Ct. 595, 60 L. ed. 961. It was there held that in actions in the state courts predicated upon the Federal Employer's Liability Act the state practice and procedure, including the five-sixths jury law, controlled the rights of parties, and that the railway company is not in such case entitled to a jury trial, or to a verdict, in harmony with the Federal Constitution, or at common law, but must submit to state procedure in that respect. That is ample authority for our conclusion that the five-sixths jury law is a matter of procedure and applies to a proceeding like that in the case at bar.

Order affirmed.