STATE EX REL. CHARLES SIMON v. DISTRICT COURT OF
BLUE EARTH COUNTY AND ANOTHER.[1]

July 20, 1917.

Nos. 20,575—(254).

**Bastardy — change of venue.**

A prosecution under the statute relating to bastards is triable in the
county in which the mother of the child resides, and the defendant is
not entitled to have the place of trial changed therefrom to the county in
which he resides.

Upon the petition of Charles Simon, the supreme court ordered the
district court for Blue Earth county and Honorable Willard L. Comstock,
judge thereof, to show cause why a peremptory writ of mandamus should
not issue to respondents to transfer the action entitled State v. Charles
Simon from that court to the district court for Le Sueur county. Order
discharged.

*E. W. Komasek* and *Moonan & Moonan,* for relator.

*S. B. Wilson* and *John W. Schmitt,* County Attorney, for respondents.

TAYLOR, C.

Upon the complaint of Mary Schaak Trinka, the relator was bound
over to the district court of Blue Earth county for trial upon the charge
that he was the father of her illegitimate child. He applied to that
court for a change of venue to the county of Le Sueur on the ground that
he resided in that county. His application was denied, and thereupon he
applied to this court for a writ of mandamus commanding the district
court to change the venue to the county in which he resided.

The question presented is whether the statutes providing for a change
of venue of civil actions apply to proceedings under the bastardy statute.

The prosecution authorized by this statute is a purely statutory pro-
ceeding, unknown to the common law; and is in form a criminal prose-
cution, but in substance a civil action. Repeated decisions have thorough-

[1] Reported in 163 N. W. 797.

ly established that it is governed by the rules of civil procedure, "so far as they are applicable." The statute is not as specific in some respects nor as full and complete as we might wish when considering some of the questions arising under it. Unlike the statutes of many states, it contains no express provision as to the county in which the trial shall be had, and the rules for determining the place of trial of civil actions would apply in the absence of provisions indicating a different intent on the part of the legislature. State v. Longwell, 135 Minn. 65, 160 N. W. 189.

The statute with the change in phraseology made in the revision of 1905 is found in the General Statutes of 1913, §§ 3214-3226, inclusive. Section 3214 provides for the arrest of the accused on the complaint of the mother. Section 3215 provides for a preliminary examination. Section 3216 provides that, at any time before the trial in the district court, the defendant may secure his discharge upon certain conditions. These are: That he shall pay, or secure to be paid, to the mother such sum as she, with the written approval of the county board or of the county attorney and chairman of the county board, may agree to accept; that he "shall also pay the costs of prosecution and the expenses incurred *by such county* for the lying-in and support of and attendance upon the mother during her sickness;" and that a "bond be given to *the county,*" approved by the designated county officers, "conditioned to indemnify *such county* against all charges for the maintenance of the child." Before the revision of 1905, this section expressly provided that the bond should be given "to the commissioners of the county *in which such female resides,*"[1] and no change in this respect was intended by the revision. Section 3217 provides that the defendant shall be bound over to the "district court of the *proper county*" for trial if there be probable cause to believe him guilty, and he has not already secured his discharge under section 3216. Section 3219 provides that, if he is found guilty at the trial in district court, the court shall adjudge him to be the father of the child and charge him with its maintenance. Section 3220 provides that "the person so adjudged to be the father of such child shall give bond to *the county* approved by the court, for the performance of such judgment and order, and also for the payment of all expenses incurred by *the county* for the lying-in and support of, and attendance upon, the mother during her sickness, and for the care and support of such child

[1][G. S. 1914, § 2041.]

prior to the giving of such bond. If he fails to give such bond and to pay the costs of prosecution, he shall be committed to the county jail, there to remain until he complies with such order or is discharged as provided by law." Section 3221 provides that after he has been imprisoned for 90 days he may apply to the court to be released from imprisonment on the ground that he is unable to comply with the judgment, and that a hearing shall be had thereon, "of which the petitioner shall give at least ten days' notice to the complainant, if a resident of the state, and to *said county board.*" Section 3223 provides: "The mother of such child, or *such county board,* at any time after the defendant is discharged, may recover of him by action any sum of money which ought to have been paid pursuant to such judgment." Section 3224 provides: "If any woman is delivered of a bastard child which is, or is likely to become, a public charge * * * the *county board of the county where she resides,* or any member thereof, may apply to a justice of the peace of the county to inquire into the facts." Section 3226 provides that "the *county board,* either before or after judgment," may make a compromise and settlement with the defendant.

We think that the effect of these several provisions is to require the case to be tried in the district court of the county in which the mother resides. This seems to have been the construction uniformly given to the statute ever since its enactment, and so far as we are aware this is the first time that such construction has been questioned. Authority to initiate the proceeding in behalf of the public is given only to the county board, or a member thereof, of the county in which the mother resides; and if a proceeding initiated by the mother be settled, the county in which she resides is the county to which the bond to secure the support of the child must be given. The context indicates that the same county is referred to throughout the statute, and the expressions, "the county," "such county," "proper county," "said county," found in the various sections of the act cannot well be construed otherwise than as meaning the county in which the mother resides. It follows that the district court ruled correctly, and defendant's application is denied and the order to show cause discharged.