STATE ex rel SOMMERFIELD, Respondent, v. STILWELL, Appellant.

(189 N. W. 697.)

(File No. 5060. Opinion filed August 30, 1922.)

**1. Bastardy—Complaint, Inadvertent Allegation of Intercourse at**

Impossible Date, Non-showing of Prejudice By, Immateriality
—Statute.

An allegation in a complaint for bastardy, that the act of
intercourse took place at a date one year later than that shown
by undisputed proof, is an immaterial variance between plead-
ing and proof, and it was not error to admit evidence of
such act at a date one year earlier than as alleged. So held,
no prejudice to defendant having been shown; the allegation
itself being unnecessary under the statute; an allegation that
a child was born on or about a particular day being sufficient
to admit evidence that an act of sexual intercourse took place
the length of the period of gestation prior to such birth.

2. Bastardy—Instruction of Non-penalty if Defendant Found Guilty,
Whether Prejudicial.

An instruction, in a proceeding in bastardy that no criminal
penalty such as fine or imprisonment attaches in event de-
fendant is found to be father of the child, and that the pur-
pose of the proceeding is to determine whether defendant is
the father and if so to require him to aid in its support, is
not objectionable as drawing jury's attention to what might
be the judgment of the court regardless of verdict. So held,
court having instructed that prosecutrix had burden of proving
defendant was father of the child by a preponderance of evi-
dence.

3. Evidence—Calling Bastardy Defendant for Statutory Cross-exam-
ination, Non-error as Compelling Testimony Against Self—
Non-criminal Proceeding.

That defendant in bastardy proceeding was called to witness
stand for cross-examination under the statute, was not tanta-
mount to compelling him to testify against himself; such pro-
ceeding not being criminal or quasi-criminal in character.

Appeal from Circuit Court, Spink County. Hon. ALVA E.
TAYLOR, Judge.

Action by the State of South Dakota on the relation of
Emma Sommerfield, against Arlo Stilwell, for bastardy. From a
judgment for plaintiff, and from an order denying a new trial,
defendant appeals. Affirmed.

*Sterling, Clark & Grigsby,* for Appellant.

*H. B. Warnock,* State's Attorney (*W..H. Beckman,* of Coun-
sel), for Respondent.

POLLEY, J. This appeal grows out of a proceding in bas-
tardy. The prosecutrix was delivered of a child on the 2d day of
April, 1920. As soon there after as she was able to be about she

filed a complaint against the appellant, charging him with being the father of the child. By some oversight in preparing the complaint the act of intercourse that resulted in the birth of the child was alleged to have taken place on the 4th day of July, 1920, three months after the child was born. That the child in question was born to the prosecutrix on or about the time alleged in the complaint is not disputed, and the proof showed that the act of intercourse took place on the 4th day of July, 1919, one year prior to the date alleged in the complaint. It is contended by appellant that this constitutes a variance between the pleading and the proof, and that it was error to admit evidence of an act of intercourse on the 4th day of July, 1919.

[1] Some 15 assignments of error and many pages of the printed record are devoted to this one question. It is not shown that appellant was in any wise prejudiced by such variance. It is not even claimed that he was prejudiced nor misled thereby, nor prevented from having a fair trial. The allegation itself was wholly unnecessary. It is not required by the statute, which prescribes what shall be charged in the complaint, and an allegation that a child was born on or about a particular day is sufficient to admit evidence that an act of sexual intercourse took place about the length of the period of gestation prior to such birth. In fact the question of variance as presented by this record is so utterly without merit that we deem it an imposition on the court to compel us to wade through this whole record for fear that something of merit might escape our notice. See, also, State v. Papernak, 44 S. D. 31, 181 N. W. 955.

The court in the course of its instructions to the jury said:

"No criminal penalties such as fine or imprisonment attaches in the event the defendant is found to be the father of the child, the purpose of the proceeding, as I have said, is to determine whether or not the defendant is the father, and, if he is, to require him to aid in its support."

[2] This instruction is excepted to on the ground that it called to the attention of the jury what might be the judgment of the court, regardless of the verdict. While this instruction might more properly have been omitted, we are unable to see how or in what way it prejudiced the appellant. The court properly instructed the jury that the prosecutrix had the burden of

proving that the appellant was the father of the child in question by a preponderance of the evidence, and that if in their judgment the evidence was evenly balanced they must find in favor of the appellant. This made plain the duty of the jury, and appellant was not prejudiced by the instruction complained of.

[3] During the trial the court over appellant's objection permitted the respondent to call appellant to the witness stand for cross-examination under the statute. This was excepted to on the ground that it compelled the appellant to testify against himself, and thereby violated his constitutional rights. This exception is based upon the theory that the proceeding is criminal in its nature, and that in a criminal trial a defendant cannot be compelled to testify against himself. This question is no longer open for consideration in this court. In State v. Pickering, 29 S. D. 207, 136 N. W. 105, 40 L. R. A. (N. S.) 144, this court held that bastardy proceedings are not criminal nor quasi criminal, but are purely civil and triable according to the rules applicable to the trial of other civil actions. The North Dakota court reached the same conclusion under a similar statute. State v. Brunette, 28 N. D. 539, 150 N. W. 271, Ann. Cas. 1917E, 340.

Other assignments of appellant have been examined, but they present nothing that merits consideration.

The judgment and order appealed from are affirmed.