## STATE v. HENRY C. JEFFREY.[1]

March 24, 1933.

No. 29,166.

*Walter E. Woolf,* for appellant.

*Ed J. Goff,* County Attorney, and *Allen T. Rorem,* Assistant County Attorney, for the state.

WILSON, CHIEF JUSTICE.

Defendant appealed from an order denying his motion for a new trial. He was convicted in bastardy proceedings of being the father of an illegitimate child.

Under our statute a party to the record in a civil action may be called by the adverse party as if under cross-examination. G. S. 1923 (2 Mason, 1927) § 9816. The object or purpose is that a litigant may call the adverse party without making him his own wit-

[1]Reported in 247 N. W. 692.

ness and elicit from him, if possible, material facts within his knowledge.

In this, a bastardy proceeding under our statute, defendant was required, over his objection, to submit to a cross-examination as if this action were a civil cause. On such cross-examination defendant testified that he had had sexual relations with the mother of the child and gave other testimony which tended to show that the child was his.

No person "shall be compelled in any criminal case to be a witness against himself." Minn. Const. art. 1, § 7; U. S. Const. Amend. V.

Defendant now claims that he has been deprived of his rights under the foregoing constitutional provisions. To reach this conclusion he asserts as the foundation for this claim that a bastardy proceeding under our statute is a criminal proceeding. We think not.

These proceedings are instituted under G. S. 1923 (1 Mason, 1927) c. 17, §§ 3261-3273. They are intended to provide a way for fixing parental responsibility, to aid the mother, and to protect the public from having to support a child which rightfully should be supported by its father.

A proceeding of this character has at times been termed quasi criminal. State ex rel. Johnson v. Becht, 23 Minn. 1. Quasi is a Latin word often prefixed to English words, implying mere appearance or want of reality. It may mean resemblance or "as if."

So in such a proceeding as authorized by the statute we have certain characteristics giving the appearance, the resemblance, or "as if" a criminal action. A complaint is filed, and a warrant is issued. Defendant may be arrested, he may be required to give recognizance for his appearance, and failure to do so may result in his going to jail.

But none of these things, criminal forms of procedure, determine whether the proceeding is civil or criminal. In fact it may well be said that the state merely loans its name to be used as plaintiff. The nature of the action is not determined by procedure.

It seems to be generally understood that the rules of procedure applicable to civil actions generally are to prevail. 7 C. J. p. 966,

478

§ 57. This is not the universal rule in all the states, but it is fairly recognized in this state.

In State v. Worthingham, 23 Minn. 528, 537, it was held that the oath administered to petit jurors in a bastardy proceeding was the form provided in our statute for use in "the trial of any civil action or proceeding" and not that oath provided for the trial of criminal cases. The court however said:

"The use of the latter is confined exclusively to the trial of cases wholly and essentially criminal in their nature and character. The former is applicable not only to the trial of civil actions, properly so called, but to all such other actions and special proceedings as, strictly speaking, are neither civil nor criminal actions, and hence cannot properly be classified under either head."

The foregoing, however, does not answer our inquiry. In State v. Nichols, 29 Minn. 357, 13 N. W. 153, this court said that proceedings of this character "are not properly criminal in their nature, and proof beyond a reasonable doubt is not necessary to the conviction of a defendant. For the same reason it is not necessary that the testimony of the complainant (the mother) be corroborated by other evidence." It was also there stated [29 Minn. 359] : "This is not a criminal proceeding, in the proper sense of the term." See also State v. Eichmiller, 35 Minn. 240, 28 N. W. 503.

An appeal in a bastardy proceeding is regulated by the procedure in civil cases. State v. Klitzke, 46 Minn. 343, 49 N. W. 54. Indeed our five-sixths jury law, which has no application to criminal cases, applies to the trial of a case in proceedings of this character. State v. Longwell, 135 Minn. 65, 160 N. W. 189, 190. In the Longwell case it was said [135 Minn. 66] :

"By practically all of our decisions we have negatived the theory that they are so far of a criminal nature as to require an application of the rules of criminal procedure, and the practice in civil actions has uniformly been followed and applied."

In State v. Nestaval, 72 Minn. 415, 419, 75 N. W. 725, 726, this court in discussing cases of this character said: "The proceeding is a civil, and not a criminal, one."

In State v. Brathovde, 81 Minn. 501, 84 N. W. 340, 341, a case of this kind, the court said [81 Minn. 502]:

"So far as the rules of evidence and pleading are concerned, such proceedings are of a civil nature, not criminal, and the sufficiency of the complaint is to be tested by the rules applicable to civil actions."

In State ex rel. Simon v. District Court, 138 Minn. 77, 163 N. W. 797, it was held that such a proceeding "is in form a criminal prosecution, but in substance a civil action"; though the venue could not be changed by a demand from the defendant, as he might do in an ordinary civil case.

In State v. Kraus, 175 Minn. 174, 179, 220 N. W. 547, 549, this court said: "Under our statute proceedings to determine paternity are civil actions."

The purpose of a bastardy proceeding is not to punish a man for begetting a bastard. That was not a crime at common law, nor has it been made criminal by our statute. The purpose and object of such a proceeding is to impose upon the father the duty to care and provide for his bastard child, a duty that did not exist at common law. The statute imposes a natural and moral duty—a threefold duty:

(1) The father's duty to the mother, to whom he owes more than gratitude, since by his conduct he has in a measure contributed to her social octracism and the impairment of her earning power;

(2) The father's duty to his own child; and

(3) The father's duty to protect the public against the child's becoming a public charge.

To some extent the proceeding is a reparation measure. Certainly it is not prosecuted for the purpose of punishing the defendant. The object and purpose of the proceeding is wholly defined by G. S. 1923 (1 Mason, 1927) § 3272(d), which reads as follows:

"This chapter shall be liberally construed with a view to affecting [sic] its purpose, which is primarily to safeguard the interests

of illegitimate children and secure for them the nearest possible approximation to the care, support and education that they would be entitled to receive if born of lawful marriage, which purpose is hereby acknowledged and declared to be the duty of the state; and also to secure from the fathers of such children repayment of public moneys necessarily expended in connection with their birth."

The argument is advanced that the statute provides for a penalty in the way of a fine or imprisonment, and is therefore criminal; but that does not result from a verdict against the defendant. That result does not flow from the fact that he is adjudged to be the father of an illegitimate child; that results from a failure to comply with the order of the court requiring him to perform his duty, which of course has been determined by the verdict, and the requirement flows from an order of the court. If he performs his duty no punishment follows. We have similar results in many civil actions. If in an action for specific performance a defendant refuses or fails to comply with an order of the court he may be held in contempt of court and fined or imprisoned. In either case the punishment which may follow is not because of an adverse finding on the issue involving the merits of the case. The possible penalties in the later proceedings in cases of this character are not imposed as a penalty for begetting the child, but because of the failure to comply with an order or judgment of the court.

As indicated, these proceedings carry some earmarks of a criminal proceeding, but the substance is purely that of a civil action, which we hold it to be.

The question as to the right of the defendant to refuse to answer questions which might incriminate him is quite another problem, which the record does not present to us.

G. S. 1923 (2 Mason, 1927) § 10185A, provides for the punishment of an absconding father who evades bastardy proceedings, but has no bearing upon the question before us.

Affirmed.