## STATE v. ARMER THOMPSON.[1]

January 25, 1935.

No. 30,094.

*George.E. Ericson,* for appellant.

*O. E. Lewis,* County Attorney, for the state.

DEVANEY, CHIEF JUSTICE.

This is a bastardy proceeding. The jury returned a verdict against Armer Thompson and found him to be the father of an illegitimate child born to Sybil Murray, an unmarried female. The chief assignment of error challenges the sufficiency of the evidence to sustain the verdict.

It appears that the prosecutrix attended high school in Bagley, Minnesota, between September, 1930, and February, 1932. During her first year in school she made the acquaintance of the defendant herein. She kept company with him for approximately a year and a half and testified that during this time she had sexual intercourse with him on numerous occasions. These acts of intercourse continued until the middle of February, 1932, when the prosecutrix left school because of her pregnancy. She first learned of her condition in January, 1932. She was then 16 years of age. The child was born October 8, 1932. She testified that defendant was the only one with whom she ever had intercourse. Defendant did not deny that he had had intercourse with the prosecutrix, nor did he

[1]Reported in 258 N. W. 527.

attempt to prove that persons other than himself had had intercourse with her at or about the time of her becoming pregnant.

On this state of facts, it must be held that the evidence was sufficient to sustain the jury's finding of guilt. Bastardy proceedings in this state are civil in nature rather than criminal. State v. Jeffrey, 188 Minn. 476, 247 N. W. 692. Hence the state need not prove its case beyond a reasonable doubt, but only by a fair preponderance of the evidence. State v. Nichols, 29 Minn. 357, 13 N. W. 153.

Stress is laid on the fact that though the prosecutrix knew in January, 1932, that she was pregnant she told no one but her mother of that fact, not even defendant. Further, she did not tell anyone until August, 1932, not even her mother, that defendant was the father of the child. Under our decision in State v. Ahrens, 173 Minn. 294, 217 N. W. 118, her silence in this respect is a fact to be considered by the jury in judging the truth of the charge against defendant. But it is by no means conclusive one way or the other. In this case there was sufficient evidence to warrant the jury finding defendant guilty.

Appellant's other assignments of error point out no prejudicial error. Questions as to why the prosecutrix did not want to marry defendant and as to whether prosecutrix's parents had separated are immaterial to the issues in this case. Hence there was no error in sustaining objections to the introduction of such matter. There was no error in permitting such cross-examination of defendant as was here allowed, nor is the verdict contrary to law.

Affirmed.