## LEWIS v. UNITED STATES.

### No. 13088.

Circuit Court of Appeals, Eighth Circuit.

Feb. 27, 1946.

Claude F. Cooper, of Blytheville, Ark., for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (Russell Vandivort, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, a registrant under the Selective Training and Service Act of 1940, was, by an indictment in two counts, charged with two separate violations of Section 11 of the Act, 54 Stat. 894, 50 U.S. C.A.Appendix, § 311. He entered a plea of not guilty and was tried. The jury found him guilty of the offense charged in the first count and not guilty of the offense charged in the second count. The court imposed sentence, and this appeal followed.

The first count of the indictment charged, in substance, that the appellant sought to evade military service, by falsely stating in the questionnaire which he filed with his Local Selective Service Board at Caruthersville, Pemiscot County, Missouri, on or about May 28, 1941, that he was married; that he married his wife at St. Louis, Missouri, on November 24, 1939; that he had one child; and that his wife, "Mrs. May Lewis," and his son, "Jackie Lee Payge," were dependent upon him for support. It was alleged in the indictment that these false statements were made by the appellant for the purpose of obtaining a deferred classification from the local draft board.

■ The appellant does not challenge the sufficiency of the evidence to sustain his conviction.[1] In his brief there is not a single assignment of error which meets the requirements of Rule 11 (b) Fourth of this Court, relating to the "Contents of Brief." The first two assignments of error relate to requested instructions which were refused and to instructions to which the appellant objected. The instructions referred to in these assignments are not quoted or described. The rulings of the court respecting the instructions are not quoted. The pages of the record where the instructions and rulings may be found are not given. The other assignments of error relate to rulings on evidence, without quoting the evidence or the rulings or giving page references. Such a disregard of the rules of this Court would justify a refusal to review this case, and an affirmance of the judgment appealed from. Butler v. United States, 8 Cir., 108 F.2d 27, 28.

We have, nevertheless, carefully examined the record for the purpose of determining whether any error was committed by the trial court which would entitle the appellant to a reversal of his conviction. We are satisfied that no such error was committed.

■ At the time the appellant made out his questionnaire, he was living in Michigan with a married woman (referred to at the trial as "May Lewis") and her minor son by her first husband, from whom she was divorced. Appellant's relations with this woman had their inception in 1939 in Missouri, but not in St. Louis. She was then married to a man named Moore, but was not living with him. Her marriage to Moore took place in St. Louis on November 24, 1938. Appellant knew of the marriage, since he altered, or assisted her in altering, the marriage certificate so as to make it appear that she had married appellant on November 24, 1939, in St. Louis, Missouri. Common law marriages are void in Missouri, but valid in Michigan. There was no basis in the evidence for a conclusion that appellant was ever legally married to the woman either in Missouri or Michigan, or that the woman, or her son, was legally dependent on the appellant for support. The appellant sought to inject into the case the question whether his relationship with the woman was in fact a valid common law marriage in Michigan. The court properly excluded this issue from the consideration of the jury, but permitted the appellant to explain in detail his relations with the woman and her child, and his asserted lack of intent to falsify his questionnaire or to evade military service or to deceive his local board.

■ The government called May Lewis as a witness. She proved to be unfriendly and evasive, and the court permitted coun-

---

[1] The defendant on April 3, 1944, the day following his arrest, signed a statement, which reads in part as follows:

"I was born at Blytheville, Arkansas, July 1, 1916. At the time I filled out my questionnaire at Local Draft Board #1 at Caruthersville, Missouri, I stated that I had a wife and child and was supporting them. At the time I stated in my questionnaire that I was supporting a wife and child, I was not married. As a matter of fact I have never been married and I am not married at the present time."

sel for the government to cross-examine her with respect to prior statements made by her which were inconsistent with some of her testimony. There was no error in this. London Guarantee & Accident Co. v. Woelfle, 8 Cir., 83 F.2d 325, 332, 333, 334; Ellis v. United States, 8 Cir., 138 F.2d 612, 615, 616; Gantz v. United States, 8 Cir., 127 F.2d 498, 504.

 After the court had instructed the jury, the appellant requested an instruction to the effect that contradictory statements of a witness are not substantive evidence of guilt, but affect only the credibility of the witness. The court denied the request. There are several reasons why this is not error: (1) The request was untimely, coming, as it did, after the court had completed its charge. Affronti v. United States, 8 Cir., 145 F.2d 3, 9. (2) The instruction had, in effect, been given by the court during the examination of the witness at whose contradictory statements the requested instruction was directed. (3) The contradictory statements were not offered by the government as substantive evidence. (4) The trial court did not abuse its discretion in denying the request. (5) There is no basis for supposing that the appellant was prejudiced by the denial of the request. The court's instructions, as a whole, were fair and accurate and as favorable to the appellant as they could be under the evidence.

Other questions argued in the brief do not, in our opinion, merit discussion.

The judgment appealed from is affirmed.