**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leo STRASSMAN, Defendant-Appellant.**

No. 247, Docket 24304.

United States Court of Appeals Second Circuit.

Argued Feb. 6, 1957.

Decided March 12, 1957.

Paul W. Williams, U. S. Atty., for the S. D. of New York, New York City (Clement J. Hallinan, Jr., Robert Kirtland and Mark F. Hughes, Jr., Asst. U. S. Attys., New York City, of counsel), for plaintiff-appellee.

Matthew H. Brandenburg, New York City, for defendant-appellant.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and SMITH, District Judge.

MEDINA, Circuit Judge.

Appellant, the Master at Arms on board the "S.S. Independence" was found guilty of "assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse," in violation of 18 U.S.C. § 113(c). Appellant received a suspended sentence of nine months imprisonment, and was put on probation for one year. His appeal is based principally upon the fact that the ship's log through inadvertence

found its way to the jury room with the exhibits although certain portions of the log had been held not to be admissible, and the document was marked Exhibit #6 for identification only. It was the ruling of the trial judge that so much of the log as had been received in evidence be read to the jury, which was done during the trial; but the excluded parts were not blocked out or deleted. A variety of other miscellaneous rulings are also assigned as grounds for reversal.

The case involved a simple issue of veracity. There is no dispute about the fact that while the "S.S. Independence" was at anchor in Genoa, Italy, Jim Happy, a first-class deck steward was so severely injured when he came in contact with a steel chair in the possession of appellant that the wound above Happy's eye required three internal and eight external stitches. He also suffered two black eyes. Appellant claimed at the trial that he was holding the chair up to protect himself against an unprovoked attack. But others, including Happy, testified that appellant entered Happy's cabin spoiling for a fight and went after him, hitting Happy on the head with the chair and punching him.

Judge McGohey, in what we hold to be an unexceptionable charge to the jury, followed the language of the statute, left it to the jury to decide the conflict in the evidence, and also instructed them to determine "whether or not that chair in the hands of a man of the defendant's size was a dangerous weapon." Appellant weighed some 218 pounds. Under the instructions as given the jury could have found appellant guilty of the crime charged only after being persuaded beyond a reasonable doubt that appellant had assaulted Happy, with intent to do bodily harm and without any just cause or excuse, and also that the steel chair under the circumstances was a dangerous weapon.

▮ Immediately after the occurrence the Master of the "S.S. Independence"

caused an investigation to be made and entered the results in the log, which was then read in its entirety to appellant, and his reply was also entered in the log, to which appellant then affixed his signature. The substance of appellant's reply was that he entered Happy's cabin to obtain a combination lock which had been loaned to one of the seamen, and that he "did not assault Happy physically. * * * The only assault was words." Under these circumstances we believe the entire log was admissible; but Judge McGohey ruled out the words, "Strassman was definitely the aggressor," a reference to appellant having "again entered Happy's room, and threatened Happy in a belligerent manner" while the investigation was going on, that he was warned to stay clear of Happy or he would be put in the brig, and the statement, "For assaulting another crew member Strassman is hereby fined two days' pay on his monthly wage of $314.-41. Total amount of fine $20.96."

The remainder of the log, which was read to the jury without objection by defense counsel, makes it sufficiently plain, we think, that the investigation disclosed appellant as the aggressor. A letter from appellant to the Shipping Commissioner in New York, sent from Naples, Italy, on June 4, 1955, two days after Happy received his injuries, was received in evidence without objection, and in it appellant refers to the fact that he was fined two days' pay. From the context of this letter the inference is inescapable that appellant was found to be the aggressor and that he was fined because of his unprovoked assault. The fact that the excluded parts of the log found their way into the jury room would thus seem to be of little consequence.

Moreover, this letter of June 4, 1955, together with other statements made by appellant prior to the trial, support the admissibility of the entire log, including appellant's self-serving declaration and signature, as an integral part of a series of wholly inconsistent and dam-

aging explanations by appellant of how Happy's head was cut open on June 2, 1955. Without the entire log this series of admissions by appellant is incomplete. Thus when shown the log which not only portrays appellant as the aggressor but as having gone back to Happy's cabin for a further encounter, thus bringing upon himself the threat that, in addition to the fine, he would be put in the brig if he did not desist, appellant merely denies any physical assault upon Happy. He does not deny that he again entered Happy's room and threatened him in a belligerent manner.

The remaining self-serving declarations, which ware received without objection as admissions, are fantastic in the light of appellant's testimony at the trial. In the letter to the Shipping Commissioner above referred to, appellant claims Happy "must of hit his head on the thermostat." In his statement to the FBI on June 13, 1955, in New York City, he admitted he entered Happy's room, got into an argument with him and picked up a metal chair, adding "I did not intend to hit Happy with the chair but during the verbal exchange Happy received a cut on his forehead." At the trial appellant admitted he was evasive with the FBI agents, but insisted that Happy had run into the chair and injured himself as appellant held up the chair to defend himself.

Besides all this it is far from clear that the entire log would not have been admissible in any event, as log entries are hearsay recorded in the regular course of business, Lopoczyk v. Chester A. Poling, Inc., 2 Cir., 152 F.2d 457, 460; and, under 28 U.S.C. § 1732, the business records statute, we are constantly moving in the direction of greater liberality, with full opportunity, however, to explain or controvert disputed statements. Korte v. New York, N. H. & H. R. Co., 2 Cir., 191 F.2d 86, 91; but see Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645;

Hartzog v. United States, 4 Cir., 217 F.2d 706.

■■ Accordingly, we are not called upon to decide whether the mere fact that by inadvertence matter not received in evidence finds its way into the jury room may be assigned as error by the trial judge. Judge McGohey merely ordered the exhibits sent into the jury room; surely it was not his duty personally to check over the documents to make sure that no extraneous matter was included. But there can be no doubt that counsel for both parties have a responsibility to check over the exhibits before they are taken by the bailiff to the jury room, and a failure to do this may well constitute a waiver. Rumely v. United States, 2 Cir., 293 F. 532, 557, certiorari denied 263 U.S. 713, 44 S.Ct. 38, 68 L.Ed. 520; Finnegan v. United States, 8 Cir., 204 F.2d 105, 115, certiorari denied 346 U.S. 821, 74 S.Ct. 36, 98 L.Ed. 347; McCormick v. Badham, 204 Ala. 2, 85 So. 401; State v. Nichols, 29 Minn. 357, 13 N.W. 153. Where portions of a particular exhibit are excluded these portions should be blocked out or deleted as a precaution against what happened here. Wherever practicable a photostat or copy of the remainder of such a document should be marked as an exhibit rather than the original.

■■ The other alleged errors may be briefly disposed of. The instructions relative to the evidence of appellant's reputation were entirely sound, even if not stated in hornbook fashion. The jury probably understood them better in the words used by the trial judge. There was no evidence in the case to support the request to charge on the subject of appellant's alleged intoxication. Nor do we find any merit in the additional points raised on oral argument and supported by a supplemental brief. It is enough to say that requests submitted after the trial judge has concluded his instructions to the jury come too late. Lewis v. United States, 8 Cir., 153 F.2d 724, 726; Affronti v. Unit-

ed States, 8 Cir., 145 F.2d 3, 9. Indeed, it is common practice for the trial judge to require the submission of requests for instructions before the summations of counsel or, in complicated or difficult cases, at an earlier time. See Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C. These matters are within the control and discretion of the trial judge. In any event, none of those submitted here was flawless and they were properly denied. The evidence squarely presented the issue of assault with a dangerous weapon; to have discussed the law applicable to a simple assault could only have caused confusion. Mac-Illrath v. United States, 88 U.S.App. D.C. 270, 188 F.2d 1009; Burcham v. United States, 82 U.S.App.D.C. 283, 163 F.2d 761; Hickey v. United States, 9 Cir., 168 F. 536, 22 L.R.A.,N.S., 728.

None of the other points urged as a basis for reversal has any merit whatever, and we shall not discuss them.

Affirmed.