## STATE v. WESLEY TOLBERG.

140 N. W. (2d) 845.

February 18, 1966—No. 39,625.

*LeVander, Zimpfer & Tierney* and *Paul D. Tierney,* for appellant.

*John F. Thoreen,* County Attorney, and *Robert W. Kelly,* Assistant County Attorney, for respondent.

OTIS, JUSTICE.

This is a proceeding to establish paternity. Defendant having been found guilty has appealed from an order denying his motion for judgment n. o. v. or a new trial. The issue is whether the court lacked jurisdiction because of the mother's failure to swear to a written complaint before a magistrate or clerk of court as required by statute.[1]

The transcript and a stipulation indicate that the mother was interviewed by a caseworker from the Washington County Welfare Department who furnished for her signature a blank complaint which did not include any allegation implicating defendant. The complaint was thereafter com-

---

[1] Minn. St. 257.19.

pleted by the county attorney and verified by a judge of municipal court although the mother neither swore to it nor appeared before him.[2]

On appeal, much of the argument is directed to the question of whether these procedures deprived the court of jurisdiction. Because of our determination that defendant made a general appearance with knowledge of the facts, it is not necessary to determine whether the irregularities referred to are fatal defects.[3]

In the course of cross-examining the complaining witness for purposes of impeachment, counsel for defendant confronted her with a copy of the original complaint. It was then that she first disclosed that the complaint was signed in blank at her own home. Notwithstanding this revelation, defendant continued to cross-examine and re-cross-examine the witness without raising the jurisdictional issue. In addition, he introduced in evidence a copy of the complaint. The state thereafter called defendant for cross-examination and rested. At that point defendant moved for dismissal on the ground the state had failed to make a prima facie case or sustain its burden of proving by a fair preponderance of clear and convincing evidence that defendant was guilty. No mention was made of the jurisdictional question. The court denied the motion and defendant proceeded with his case in chief. Three witnesses were called on his behalf. Not until defendant himself rested did he challenge the court's jurisdiction. The court deferred its ruling until all the testimony was in, at which time the motion to dismiss was denied.

It is well settled in Minnesota that paternity suits are governed by rules applicable to civil procedure.[4] Hence, a defendant in such proceedings as

[2] We cannot too strongly disapprove a certificate which contains recitations known to be contrary to fact, in violation of Minn. St. 609.43(4). State v. Mershon, 39 N. J. Super. 599, 121 A. (2d) 777.

[3] State v. Rudin, 153 Minn. 159, 189 N. W. 710; State v. Mershon, 39 N. J. Super. 599, 121 A. (2d) 777; Schon v. Ortner, 21 Misc. (2d) 612, 196 N. Y. S. (2d) 1008; Kelly v. State, 151 Md. 87, 133 A. 899; Kelly v. District of Columbia (D. C. Mun. App.) 139 A. (2d) 512; District of Columbia v. Dade (D. C. Mun. App.) 173 A. (2d) 545.

[4] State ex rel. Simon v. District Court, 138 Minn. 77, 163 N. W. 797; State v. Jeffrey, 188 Minn. 476, 247 N. W. 692; State v. Sax, 231 Minn. 1, 4, 42 N. W. (2d) 680, 682, 18 A.L.R. (2d) 929.

in other civil litigation may submit to personal jurisdiction by failing to make timely objection.[5] We have held in a number of cases that when a party invokes the power of the court for any purpose except to determine jurisdiction he makes a general appearance, and if he takes steps which assume jurisdiction, he waives his right thereafter to object.[6] Only where defendant has promptly and without avail moved to dismiss may he safely proceed to trial.[7] With these rules in mind, we hold that following the disclosure of the defective complaint it was incumbent upon defendant to challenge jurisdiction forthwith. The defendant having failed to do so and having continued not only to take part in the state's case in chief but to introduce all of his own defense before raising the issue, we hold that the objection came too late. Under these circumstances, the court was correct in refusing to dismiss.

Affirmed.

---

[5] State v. Rudolph, 203 Minn. 101, 103, 280 N. W. 1, 2.

[6] State, by Lord, v. Rust, 256 Minn. 246, 257, 98 N. W. (2d) 271, 279. While Rule 12.02, Rules of Civil Procedure, now permits jurisdictional questions to be raised by the pleadings or by motion, to the extent it may be applicable to paternity cases Rule 12.08 recognizes that the defense may be waived by the failure to assert it promptly.

[7] Anderson v. Mikel Drilling Co. 257 Minn. 487, 495, 102 N. W. (2d) 293, 300. See, Annotation, 62 A. L. R. (2d) 938.