**UNITED STATES of America,
Appellee,**

v.

**Anthony Joseph AGOFSKY, Appellant.**

**No. 13182.**

United States Court of Appeals
Fourth Circuit.

Argued June 11, 1969.

Decided June 23, 1969.

William S. Francis, Jr., Richmond, Va. (court-appointed) for appellant.

David G. Lowe, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before SOBELOFF, WINTER, and BUTZNER, Circuit Judges.

PER CURIAM:

Anthony Joseph Agofsky, a federal prisoner, was convicted of assault with a dangerous weapon without just cause or excuse in violation of 18 U.S.C. § 113(c). He contends that the court should have charged the jury that he could be convicted of lesser included offenses, e. g., assault by striking, beating, or wounding, 18 U.S.C. § 113(d), or simple assault, 18 U.S.C. § 113(e).

The evidence disclosed that Agofsky, in the nighttime, stabbed a fellow prisoner with a knife while the victim was asleep in his bunk. There is no contention that a dangerous weapon was not used. As a matter of law, Agofsky did not have just cause or excuse to stab a sleeping victim who offered him no imminent harm. "A lesser-included offense instruction is only proper where the charged greater offense

requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." Sansone v. United States, 380 U.S. 343, 350, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). Therefore, it was not incumbent upon the district judge to instruct the jury that a verdict of guilty could be returned on the lesser included offenses. Parker v. United States, 123 U.S.App. D.C. 343, 359 F.2d 1009, 1013 (1966); United States v. Strassman, 241 F.2d 784, 786 (2d Cir. 1957).

Agofsky's other assignments of error are without merit. His conviction is affirmed.