STATE of South Dakota, ex rel. Randi KEUCK, Plaintiff and Appellee,

v.

Howard GAMBER, Defendant and Appellant.

No. 13717.

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1982.

Decided March 30, 1983.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, Laurel Olson Eggers, Deputy State's Atty., Sioux Falls, on the brief.

John W. Keller of Keller & Keller, Huron, for defendant and appellant.

MORGAN, Justice.

This action arises from a suit by the State of South Dakota (State), appellee, for partial reimbursement for Aid to Dependent Children (ADC) payments, under the provisions of SDCL ch. 25–8. Howard Gamber (Gamber), appellant, appeals from a denial of a new trial after a judgment on the verdict that he is the father of Michael, the child in question here. We affirm.

After a show cause hearing pursuant to SDCL 25–8–18, at which Gamber was present with counsel, he was bound over to circuit court. See SDCL 25–8–20. Gamber's trial in circuit court was by a jury, SDCL 25–8–26, and resulted in a verdict against him and a judgment declaring paternity and for support of Michael. See SDCL 25–8–29. Gamber then retained present counsel, who filed a motion for new trial which, after hearing, was denied by the circuit court. Gamber appeals on the issues raised in his motion for new trial, all of a procedural nature, urging that the State failed to comply with the plain provisions of the pertinent statutes.

We begin our review with the acknowledgement that a paternity proceeding is a civil action as opposed to a criminal action. State v. Stilwell, 45 S.D. 606, 189 N.W. 697 (1922); State v. Cummins, 56 S.D. 439, 229 N.W. 302 (1930). See SDCL 25–8–42.

Gamber first complains that the State failed to make Michael's mother a party defendant as clearly required by SDCL 25–8–10. In pertinent part, the statute provides: "If the proceeding is brought by the public authorities, the mother, if living, shall be made a party defendant." This appears to us to be a perfectly clear and unambiguous statement. The State would have us hold that this requirement applies only in such instances as both parents have abandoned the child as a public charge. This interpretation would be based on some historical argument which we find completely unpersuasive. Under SDCL 25–8–2 *both* parents owe the child necessary maintenance, education, and support. If

the legislature intended what the State suggests, they could very easily have so stated.[1]

The State, however, argues that Gamber failed to make timely objection under the provisions of SDCL 15–6–19 or 15–6–12(h). In this respect, we agree with the finding of the trial court in its denial of the motion for new trial that Gamber failed to make a timely objection to this procedural lapse.[2]

Gamber next complains that the State failed to provide for a transcript of the preliminary hearing proceedings in compliance with SDCL 25–8–18 and to return the same to the circuit court in compliance with SDCL 25–8–21. The pertinent provision in SDCL 25–8–18, which provides for the preliminary hearing upon return of the warrant or summons, states: "The examination shall be reduced to writing." SDCL 25–8–21 requires that: "The warrant, the examination reduced to writing, and the security, shall be returned to the circuit court."

We find that again, as in the first issue discussed above, Gamber failed to make timely objection and once more we agree with the finding of the trial court on that issue.

We next examine Gamber's argument that he is entitled to reversal because the State failed to proceed against him on a verified complaint in violation of SDCL 25–8–14, which provides, in pertinent part: "The complaint shall be in writing, or oral and in the presence of the complainant reduced to writing by the judge or magistrate or the clerk of the court. *It shall be verified by oath or affirmation of the complainant.*" (Emphasis supplied.)

While the statute clearly requires verification, the complaint below was not verified. Again, as in the issues discussed above, Gamber did not make a timely objection. We reiterate that a paternity proceedings is civil in nature. We agree with the Minnesota Supreme Court in *State v. Tolberg,* 273 Minn. 221, 140 N.W.2d 845 (1966), that, "a defendant in [a paternity suit] as in other civil litigation may submit to personal jurisdiction by failing to make timely objection." *Id.* 140 N.W.2d at 846 (footnote omitted). *See also Emery v. Bennett,* 97 Kan. 490, 155 P. 1075 (1916); *Woods v. Woods,* 177 Neb. 542, 129 N.W.2d 519 (1964); *Hansher v. Kaishian,* 79 Wis.2d 374, 255 N.W.2d 564 (1977).

The issue of venue raised by Gamber is also clearly statutory. Gamber contends that under SDCL 25–8–23 the venue should have been in the county of his residence. The statute provides:

Jurisdiction over proceedings to compel support is vested in the circuit court for the county in which the alleged father is permanently or temporarily resident, or in which the mother or the child resides or is found. It is not a bar to the jurisdiction of the court, that the complaining mother or child resides in another state.

Clearly, this statute provides that venue may be where the father *OR* the mother resides. This statute does not indicate a preference for the alleged father's county simply by listing "father" first. The clarity of this statute in providing alternative venue for the court is obvious. We therefore agree with the trial court's finding that venue was properly laid in Minnehaha County which the record discloses was the county of the mother's residence.

Finally, Gamber argues that the multiplicity of errors denied him his day in court. The trial court found that none of the errors enumerated adversely affected Gamber's substantive rights. To reverse this finding, we would have to find that the trial court was clearly erroneous. SDCL 15–6–52(a). Nowhere, in Gamber's brief, does he suggest any instance of prejudice

---

1. The State's unexplained argument that to require the mother to be a party defendant in all of these cases creates serious practical problems in the prosecution of all state-involved paternity cases should better be addressed to the legislature.

2. Where the issue was not presented to the trial court by pleadings or motion, we do not find it to be grounds for a new trial under SDCL 15–6–59(a).

arising from any of the enumerated errors other than the ultimate outcome and the resultant financial burden. On this basis alone we cannot find the trial court's finding clearly erroneous and we accordingly affirm the order denying a new trial and the judgment herein.

We affirm.

All the Justices concur.